Lipscomb, J.
This suit was brought to recover an amount alleged by tho plaintiff to be due him from the defendant for his attendance as a witness at his (the defendant’s) instance in several suits depending at the time of such attendance in the District Court of Nacogdoches county. In support of his action tlie plaintiff, in his amended petition, set out various certificates of the cleric of the District Court for that county, certifying to the amount due on each, and that the witness had sworn to the same, adding that witness was entitled to the amount therein stated from the party who "might be adjudged to pay the costs, or in words to that effect. The certificates show a claim for attendance as a witness for the defendant at different terms of the court from 1844 until 1848, inclusive, a separate certificate for each term in each case.
The defendant filed exceptions to this petition, much too long and technical *190 to receive the sanction of this court, setting np a distinction known to cornmon-iaw practice "between instruments giving a right of action and those that form only evidence of the riglit — a distinction, so far as relates to the sustaining tlie suit, altogether unknown to our practice. If tlie grounds of the action are sufficient^' stated to show that the plaintiff has a just cause of action, it is of no consequence whether the evidence he describes showing such right is of greater or less dignity, or gives the right or is only evidence of a right. These distinctions could only be material where distinct forms of action prevailed as tlie law of tlie forum, and therefore they cannot be of any importance with us when all such distinctions in the form of actions are entirely disregarded. It seems, from tlie very imperfect record, (and possibly tlie ruling of tlie judge may not be correctly collected from it,) that this distinction was recoguized by the court, and the exception was sustained ami tlie certificates were ruled out from being evidence in the suit. The plaintiff offered tlie subpoena writs issued and returned to tlie court requiring him to attend as a witness at the instance of the defendant in the several eases. This was also rejected. There was no other evidence; and the court being of opinion that the plaintiff could only recover for his services bestowed at tlie request of the defendant, and that this must be done by proof of the time lie was so serving tiie defendant, independent of the subpoena and certificate, the jury returned a verdict for the defendant.
Tlie record sent np is defective and irregular, so much so as to require tlie censure of this court. The pleading is irregular and tedious, showing a disposition to spread upon the record and draw‘into the consideration of the court technicalities and distinctions that could hardly bo considered at this day material in tlie common-law practice and certainly have no place in ours. This censure will alike apply to the manner in which the record lias been kept by tlie clerk, and to the record or transcript sent up to 11s. It is unnecessarily voluminous by spreading the same matter twice upon the record, and is defective in this, that a hiatus is left between pages 44 and 45 of the record, which can only be filled up by conjecture, so far as relates to the unfinished sentence on the'former and what was tlie commencement of the latter.
As far as we can collect from the record, the presiding judge thought “ that tlie plaintiff could only recover on a quantum meruit for services rendered at the special instance and request of the defendant.”
Tlie correctness of this opinion and also the correctness of the ruling excluding the subpoenas and certificates, when offered by the plaintiff, from tlie jury, will now be examined, and in doing so it will be necessary to refer to our statutes in relation to the compensation oE witnesses.
Tlie act of 1S30 (not included in the Digest) provides that witnesses shall receive as compensation one dollar and twenty-live cents per day that they shall attend, and six cents per mile that they shall travel in going and returning, and shall receive from the clerk of the, court a certificate for the same, which shall he taxed and collected as costs. A part of tlie compensation for attendance was during the time that this act was in force, and therefore it is necessary to apply a proper construction of the act to such as come within that time. TVc believe tlmt by a fair construction of the act of 1S3G the witness could not sue and recover against the party summoning him under the provisions of that act if the service was in obedience to a subpoena issued under the act. lie would be confined to the compensation and inode, of collecting the same to tlie provision therefor in that act contained. This seems to have been the practice under the act of 183G, and tlie certificate of tlie clerk given to the witness, after giving the amount due for the attendance and mileage, added, “to which lie is entitled from tlie party which may be cast,” or sometimes, “from tlie parti’ that may be adjudged to pay the costs,” and it was the general opinion, to which the practice conformed, that tlie compensation of a witness abode tlie result of tlie suit.
The act of 1S4G made a material alteration in the law of compensation to witnesses. Art. 721, Hart. Digest, provides that “witnesses shall be allowed *191 a compensation of one dollar for each and every day they may be in attendance [381] court, and six cents for every mile they may have to travel in going and returning therefrom, which shall be paid, on the certificate of the cleric, by the party summoning them, which certificate shall be given on the affidavit of the witness before the clerk, and such compensation and mileage of witness shall be taxed in the bill of costs against the party cast.”
It seems to us that it was the clear intent and meaning of this act so far to change the former law as to afford to the witness an immediate remedy against tlie party ad whose instance lie was summoned to give his attendance as a witness, and that he should no longer be remitted to the judgment of the court in the case in which liis sendees were required against the unsuccessful party; and if the party failed to pay him lie might bring suit, and use the certificate as evidence of his claim for compensation, not full and conclusive, blit as prima facie evidence, good and sufficient, if not rebutted. That he could call on the party immediately for his pay after the service was rendered, and that such is the meaning of the article of tlie act we have cited, will receive confirmation by a reference to the preceding article of the same law, in which a fine of one hundred dollars is imposed, and lie is subject to an attachment for not attending in obedience to the process of subpoena, which lias this proviso to it: “That no'such fine shall be imposed, nor shall such attachment issue in a civil suit, until it shall be shown to the court, by affidavit of the party, his agent or attorney, that reasonable compensation and mileage has been paid or tendered to such witness.” This proviso, taken in connection with tlie article under consideration, leaves not the slightest doubt that the witness could immediately call on tlie party requiring his services for tlie compensation established bylaw. The concluding part of tlie article was intended for tlie benefit of the party who liad paid his witness, if successful in tlie suit; by filing the certificate with the clerk it would be taxed in the bill of costs for his benefit, with which the witness liad nothing to do.
In tlie case before us, so far as witness attended in obedience to tlie process of subpoena before the act of May llfli, 1846, was in force, his compensation and the mode of collecting it are regulated anti controlled by tlie act of 1830. and for cases subsequent thereto lie is to look directly to the parly at. whose instance he had been subpoenaed. And here it may be proper to notice the fact that all of the certificates of tlie clerk, in matter of form, are believed to have been in conformity with the act of 1836, which form is noticed by us in a former part of this opinion. This is a clerical misprision. In all of them issued since tlie operation of the last act lie should have omitted after the amount “entitled against the unsuccessful party;” but this is not believed to affect tlie interest of tlie party or the effect of tlie certificate, as presumptive evidence in favor of the witness, in a suit brought by him against the party who by subpoena had required his attendance.
We believe the court below erred in excluding the writs of subpoena offered by tlie plaintiff in tlie court below, because it is clear that it was competent to offer sueli evidence, and its materiality would depend on other evidence. It may have formed an essential link in tlie evidence of the plaintiff, and would have done so in tlie event of tlie presumption arising from the certificate of tlie clerk being rebutted.
And we believe, also, that the court erred in excluding the certificates of the clerk. So far as they related to attendance under the act of 1846, they formed for tiie plaintiff prima facie evidence in favor of his right to recover, and for these errors the judgment of the court below must be reversed and tlie cause remanded to the court below.
Here we believe that all that we have been called upon by tlie records in tliis case to do lias been performed; but as another point was attempted to be raised on the record, and another not growing out of tlie ease as presented, oil botli which the counsel on both sides have expressed a wish to have our opinion, we see no impropriety in granting tlie request of counsel so expressed.
Tlie point attempted to he raised is whether, when a witness had *192 been subpoenaed in several different suits, pending for trial at the same time and place by tlie same party, he is entitled to compensation in each case for his attendance.
Note 77. — Crawford ». Crain, 19 T., 145.
In answer, we say that the statute has made no exception, and as each suit is different and independent from the others, the cost is also unconnected and different, and as the witness would be liable to tlie same penalties in each for failing to yield obedience to the process, we do not see how he can be denied compensation in each of them. Were we to feel ourselves authorized to lay down a rule on the subject supposed to be more in accordance with justice, in the absence of any legislative enactment we should have to go a step further than confining his compensation to one or more suits; otherwise it would not work equally on both sides, for whilst it would afford relief to the party who had required the attendance of the witness it would afford him an opportunity to throw the whole burden of the costs of his witnesses’ attendance when successful on the party to one of the suits. We would therefore be compelled to extend the rule, arid direct a fair apportionment of the cost to the parties in the different suits. We claim, however, no authority to lay down any such rules on the subject. We must confine ourselves, in cases like the present, to a fair construction of the law as it is, without assuming a right to make it what we might suppose to be better.
The other point is as to the applicability of the statute of limitations to cases like the present. We have no doubt that when the witness sues the party at whose instance the service had been rendered for compensation, the statute commences running from the time that his right to sue had accrued, and that two years would he a bar, notwithstanding the plaintiff’s certificate, because the certificate, th aprima facie evidence of liability, does not constitute, within the meaning of the statute of limitations, a promise in writing to pay tlie debt.
Reversed and remanded.