HOUSTON AND G. N. R. R. Co. v. JOHN JONES.

1. COSTS, HOW TAXED—WITNESS.—The amount due each witness for attendance in a suit, should be separately taxed, and thus carried into the bill of costs accompanying the execution, so as to give the defendant each item of costs he is required to pay.

2. COSTS—CERTIFICATE.—The certificate given by the clerk, on the oath of a witness, showing the amount due him for attendance on a cause, is not an adjudication any more than the taxing of costs in the fee-book would be, but they are both modes, prescribed by law, for the authentication of a claim, which is *prima facie* evidence of its correctness, when done, upon which suit may be brought against the party who summoned him, without waiting for the termination of the suit. If the party who procured the witness to be summoned

should pay his certificate, the possession of it, receipted, would be evidence of his right to receive the money when collected from the party against whom the judgment for costs is rendered.

3. COSTS OF SUIT—TAXATION OF.—At a term of court, after judgment, the court, on motion of the party against whom costs had been adjudged, ordered a retaxation of the costs, excluding certain witness fees for informality of taxation; the costs were immediately paid to the clerk as retaxed; after this, during the same term, the costs were, on motion, again adjudged to be retaxed, so as to include the witness fees, the informality of the first taxation having been cured by the affidavits of the witnesses and the clerk's certificate. There was no effort made to show that the charges of the witnesses were excessive or unfounded: *Held*, That the payment of the costs under the first order did not preclude the subsequent judgment, which must be held, in the absence of testimony contradicting the clerk's certificate and the affidavits of the witnesses, to be correct.

4. APPROVED, Flores *v.* Thorn, 8 Tex., 381.

5. DISTINGUISHED.—This case distinguished from Hardy *v.* DeLeon, 7 Tex., 467.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*H. M. Whitaker*, for appellant.—It cannot be denied but that the execution was fully satisfied before the witnesses proved up their attendance and mileage, because, by an order of the court, the fees taxed by the clerk were stricken out and disallowed, which placed the cost bill, and execution thereon, in the same condition as if these fees had never been taxed; at which time the defendants paid the balance due. In such a case, no one would contend that execution could have issued for the fees of the witnesses, neither will any deny but that the defendants (as was done) had a right to satisfy the execution against them; and, if so, it seems directly contrary to reason and authority to claim that these fees could afterwards be taxed against defendants, else when could any litigant feel secure against executions for costs in a case in which he may have been the loser?

As to the 3d assignment of error, we claim that the same particularity is required in accounts of witnesses for fees as

in other accounts upon which judgment is rendered and execution issued, because they stand in the same attitude. But in no particular whatever do the claims of the witnesses in the present case comply with the requirements of law, applying the same rule as to accounts generally; they do not state the date of attendance, at what term or terms of the court they attended, the number of days at each term, and the number of miles traveled. (Harris *v.* Coleman, 8 Tex., 287; Gause *v.* Edminston, 35 Tex., 69.)

*Stephen Reeves,* for appellee.—It is insisted that there was no execution out at the time the affidavits of the witnesses were made, and the fact of this defendant paying off the balance of the costs as soon as the first motion was sustained, and before the plaintiff could procure the affidavits of the witnesses, and file his motion to retax and allow said witnesses' fees, and before court adjourned, was a fraud upon the rights of the plaintiff, and not in keeping with the written agreement filed. If such a course of sharp practice be allowed by the court, then any party cast in a suit might, as soon as judgment should be rendered against him, go to the clerk and pay the costs that were taxed, and thereby deprive the other party of his fees for his witnesses. It is not believed to be the law of the case.

Admitting, for argument sake, that the witness must make his claim for his fees before execution issues, yet it would not follow, that if the witness went before the clerk, and through mistake or inadvertence of the clerk the affidavit should be imperfect, the witness should thereby lose his fees, when he comes forward as soon as the mistake or inadvertence is discovered, and cures the defect by making the proper affidavit. In this case the defendant, by its agreement with the plaintiff, agreed to pay all costs, including witness fees.

It is insisted that the judgment of the court below, ordering the witnesses' fees to be taxed and collected, should be affirmed.

Roberts, Chief Justice.—Appellee recovered a judgment, which was rendered, by agreement of counsel, on the 28th of May, 1875, against appellant, for all the cost of a suit.

An execution was issued for the sum of $170.67, the cost of suit, with a fee bill attached, in which there was a charge of "Witnesses, $153.42."

The defendant filed a motion on June 15, 1875, to retax the cost, and disallow the fees of the three witnesses, amounting to said sum of $153.42, because the amounts charged were excessive, and because three witnesses were summoned to prove the same facts.

There was a levy on property, which was not sold for want of time, as returned by the sheriff. The court met on the 6th of September, 1875, and on the 10th of the same month the defendant filed an additional motion, upon the grounds that there were no affidavits of the witnesses proving their claims, nor certificates of clerk, filed among the papers of the cause; that the items of account were not distinctly and separately stated, and that the witnesses made no affidavits of the correctness of the fees claimed by them.

On the day afterwards, the clerk issued certificates to the three witnesses, and on the 17th of the same month the court, in pursuance of the motion, entered a judgment, retaxing the cost, and disallowed the said witness fees.

Thereupon defendant paid to the clerk the balance of the cost, ($28.50.) On the next day the plaintiff made a motion to the court to reconsider the judgment thus rendered, and allow the witness fees, as originally charged in the execution; the witnesses made affidavits stating the time of their attendance in said cause as witnesses, and the distance which they traveled in attending court, but did not state the number of days of the respective terms during which they attended court.

The court at the same term, to wit, on the 28th of September, 1875, heard this motion. There was no evidence before the court tending to show that the witnesses had not attended

as witnesses in the case for the time specified in the clerk's certificate, and in their affidavits. The court entered a judgment sustaining the plaintiffs' motion, and ordered the witnesses' fees to be taxed in the bill of costs, and collected, to which the defendant excepted, and gave notice of appeal to the Supreme Court.

The ground upon which counsel for defendant seem to rely is, that, as the witness fees were improperly taxed in the bill of costs, and included in the execution, as soon as they were disallowed on their motion, and the balance of the cost was paid, the case stood as though the execution had issued without the witness fees being included in it, and the execution being returned, and the balance of the cost being paid, the whole matter relating to the suit was irrevocably concluded.

There was no evidence to show how it happened that the exact amount of witness fees that was afterwards sworn to by the witnesses was taxed in the bill of costs, and included in the execution. It may be that the clerk swore the witnesses, at the end of the suit, as to their mileage, and time of attendance, and then, during court, taxed the amount in the bill of costs, intending to issue the proper certificates afterwards, which was neglected, or not asked to be done. Witnesses are often, when a suit is continued, or ended, urgent in their applications for their certificates of attendance, so as to leave for their homes, while the clerk is busy in his attention to the next case, or otherwise, and in the press of business the witnesses are sworn, the amounts of their fees are taken down by the clerk, and the witnesses thus disposed of for the time. In some such way, we may presume, the clerk knew what amount of witness fees to tax and insert in the bill of costs when no corresponding certificates had been issued. This is an informal mode of taxing cost in a case, that should not be followed. Its informality is increased when the fees of three witnesses are taxed in one gross sum, as was done in this case. Under such circumstances the defendant might well make a motion to have the charge inquired into and disal-

lowed; for certainly the charge of each witness should be separately taxed, and thus carried into the bill of costs accompanying the execution, so as to give the defendant notice of that, as well as the other items of cost that he was called on to pay.

The statute provides that witnesses shall be allowed certain compensation, " which shall be paid, on the certificate of the clerk, by the party summoning them, which certificate shall be given on the affidavit of the witness before the clerk; and such compensation and mileage of witnesses shall be taxed in the bill of costs against the party cast." (Paschal's Dig., art. 3724.) The proof required to establish the witness's claim of compensation is his own oath before the clerk. Upon that proof being made, the clerk is authorized and required to do two things, to wit: to tax it in the bill of costs, in the fee-book kept for that purpose, and to give to the witness a corresponding certificate, showing that the oath has been taken, the time of attendance, and the mileage, with the amount due therefor. This certificate is the property of the witness, to be kept by him as the evidence of his claim for compensation. It is not an adjudication, any more than the taxing of it as cost in the fee-book is, but they are both modes prescribed by law for the authentication of a claim, which is *prima facie* evidence of its correctness, when done. (Flores *v.* Thorn, 8 Tex., 377.)

The certificate is *prima facie* evidence against the party that summoned him, and he may sue him on it without waiting for the termination of the suit. (Ib., 8 Tex., 377.) If, however, the witness retains it until the suit is ended, and the cost is collected, as is most usually done in practice, it is authority to receive the amount that is called for from the sheriff, or clerk, in whose hands the money is found. Or if the party who summoned him should pay it, and lift it as a note held against him, the amount collected should be paid to him, and his possession of the certificate receipted would be his evidence of his right to receive the amount. This

seems to be most consistent with what is contemplated by our statute, and most in harmony with principle, as it was indicated in an early decision of this court, by Justice Lipscomb, in Flores v. Thorn, 8 Tex., 381. The most usual practice, however, is to pay but little attention to this certificate, after it is issued, and generally, officers having the money collected, pay the witnesses upon their receipt, according to the fee-bill, without calling for the certificate, which habit is liable to produce difficulties in settling up a case, and is well calculated to cause all parties concerned to lose sight of the real object of the certificate, which is designed to be an authenticated claim, a chose in action, to be held as *prima facie* evidence of debt by the person to whom it belongs, until it is paid in the hands of the party summoning the witness, most properly after he has paid it, or if he has not, in the hands of the witness for whom it is his duty to collect it, being bound to pay it. The taxation of the costs, at the end of the suit, against the party cast, by the clerk, not being an adjudication but an authentication of a claim of costs in the case, in the records of his office, is only *prima facie* evidence of its correctness as against the party cast in the suit. When it is properly carried into the bill of costs, accompanying the execution, the party cast may have notice of it, if he has not already obtained such notice, (which he may get,) by inspection of the fee-book, in the clerk's office; and if he finds it informally taxed, as in this case, so as not to give him proper notice of the charges which he is called on to pay, or if he deems them excessive or unfounded, as defendant alleged in this case, he may make issues of law or fact, or both, thereon, in a motion to retax the cost. This he might do, at the return term of the execution, even if he had paid the money to the sheriff. In such case it might be proper to give notice to the sheriff to retain the money until he could make the motion. The opposite party would be the proper person to make defense against this motion; for, whether he had paid the

amount charged to the witness or not, he would be liable for it to his witness, if it should be a just claim.

Upon the issues formed by the parties to the suit, on this motion, the court would hear evidence of record, and otherwise, pertinent thereto, and render judgment thereon. In such adjudication any mere informality in the clerk, in taxing the witness fees, or in issuing the certificate, would not be a good ground for preventing the successful party from collecting his witness fees.

It would seem equally proper to allow the successful party to make a motion to retax the cost, if made in a reasonable time, upon any informality, or omission of the clerk in properly taxing the cost in his favor, against the party cast. The taxation of the cost, and the issuing of the certificate to the witness, are official acts of the clerk, over which the parties to the suit have no absolute control. If he has been applied to properly to perform any such duty, and has failed by mistake, negligence, or omission to perform it correctly, there is no remedy left to the party but to appeal to the court to correct the failure. That is the purport and purpose of a motion to retax the cost.

The statute does not state the time when the clerk shall give the certificate upon the affidavit of the witness, nor when he shall tax it in the bill of costs, or tax the cost against the party cast in the suit.

Justice Wheeler, in noticing this fact, says: "On general principles, the fees must be claimed and taxed before the issuing of execution, but the law does not require that this be done before the expiration of the term of the court at which the case was tried. In this case the fees were taxed after the adjournment of the court, but before execution issued. The District Court adjudged them rightly taxed." (Hardy *v.* De Leon, 7 Tex., 467.)

This is certainly a correct general rule, because, a suit being ended, the execution should contain everything demanded of the party cast, so that when paid, a finality should be reached,

and it should require equitable circumstances to open a case that had thus been closed. But that is not the case before us now. Upon the motion of the defendant, the court ordered a retaxation of the cost, excluding the witness fees, from the informality of the taxation, apparent in the bill of costs accompanying the execution, as we may presume. At the same term, the judgment, still being under the control of the court, upon motion of the plaintiff, and upon additional evidence adduced, was set aside, and the witness fees allowed for the same amount originally taxed by the clerk, as appears from the bill of costs accompanying the execution. After the affidavits of the witnesses and the certificates of the clerk were presented in confirmation of the correctness of the original taxation as to amount, informally made by the clerk, there was no effort made on the part of the defendant to show that the charges of the witnesses were either excessive or unfounded. The effect of the ruling of the court was to permit the informal taxation originally made by the clerk to be cured by the witnesses' affidavits and the clerk's certificates, made after the motion of defendant objecting to the taxation. That made a *prima facie* case, which, not being contested on the merits, justified the judgment of the court as rendered.

Judgment affirmed.

AFFIRMED.