JACOB F. EAMES *vs.* WILLIAM F. BLACK and another.

Waldo.    Opinion May 25, 1881.

*Costs.   R. S., c. 82, § 117.*

When successive suits are brought for successive trespasses on real estate, each suit commenced before the next succeeding trespass, the plaintiff is entitled to recover costs in each suit upon default or verdict.

The R. S., c. 82, § 117, has no reference to such a state of facts.

ON REPORT of the judge.

(Report.)

"Upon a hearing claimed by defendants in damages and costs, the presiding judge is of opinion that the certificate referred to in R. S., c. 82, § 117, if necessary in order to enable the plaintiff to tax costs in all the actions, should issue, unless the full court is of a different opinion upon the following state of facts :

"At the October term, 1879, in this county, the plaintiff recovered judgment against defendant in an action of trespass, *q. c.* and a writ of entry tried together in which it was established, that a certain heavy stone wall built by defendant, was on pasture land of the plaintiff for a distance of thirty-nine rods.

"The line between the parties was the subject of a special finding by the jury, and plaintiff requested defendant to remove his wall ; defendant did not do this, but after suits were brought, as hereafter mentioned, made verbal offers to pay a fair and adequate price for plaintiff's land, and allow the plaintiff the benefit of the wall as a line fence, which plaintiff declined, unless defendant would pay a price far exceeding the value of the land, to cover expenses of the previous litigation.    For the October term, 1880, plaintiff commenced suits for the trespass, *q. c.* in continuing the wall after request to remove, as follows :

"July 12, 1880, served July 20 ; September 16, served September 25 ; September 27, served October 1 ; October 4, served October 5, to which suits, defendant appeared generally at October term, and was defaulted the first day of this term.

"For January term, 1881, plaintiff commenced six similar suits between the sixth and twenty-seventh of November, in which the

defendant offered default, and was defaulted on the first day, January term, claiming a hearing in damages and costs. Damages assessed by court at one dollar in first action, and one cent in each of the others.

"The wall has not been removed, and defendant has commenced a petition for review of the original suits.

"Considering it desirable that the questions as to the necessity of such a certificate, and the propriety of its issuing under the foregoing circumstances, should be determined by the full court, I report them for that purpose.

"Defendant to carry this case forward, and the other cases to stand continued for judgment without costs to either party except for clerk's fees until this is determined, and to abide the result of this."

*Harriman and Harriman*, for the plaintiff, cited: *C. & O. Canal* v. *Hitchings*, 65 Maine, 142; *Russell* v. *Brown*, 63 Maine, 204; *Williams* v. *Veazie*, 8 Maine, 106; *Simpson* v. *Seavey, Id.* 138; *Wendall* v. *Greaton*, 63 Maine, 267.

*Philo Hersey*, for the defendants, contended that all these actions, at least all those which were returnable at the same term of court, might have been joined in one, and there are no facts showing any good cause for bringing them separately, upon which the court could base a certificate, and therefore there can be costs in but one action each term. R. S., c. 82, § 117.

Otherwise there is no end or limit upon the number of actions which a party may bring in such a case, though not the slightest damage is suffered.

And in this particular case defendants submitted whether or not the single bill of costs should not be for but one-quarter. R. S., c. 82, § 107, and c. 83, § 3; 1 N. H. 14; 6 N. H. 57; 57 N. H. 220.

APPLETON, C. J. The defendants committed a trespass upon the land of the plaintiff, by building a heavy stone wall on the same, for the distance of thirty-nine rods, as was determined by the jury in an action of trespass, on which judgment has been rendered. The wall remaining, the plaintiff brought an action of trespass for the continuance of the nuisance. It still remain-

ing, he brought successive actions until they amounted in all to ten. Upon these actions, defaults were entered, and judgment rendered for nominal damages.

The plaintiff is entitled to costs in each, unless this is a case where a certificate under R. S., c. 82, § 117, should have been given. The section is as follows : " When a plaintiff brings divers actions at the same term of a court, against the same party, *which might have been joined in one*, or brings more than one suit on a joint and several contract, he shall recover costs in only one of them, unless the court certifies that there was good cause for commencing them."

This section has no relation to the case at bar. The successive actions could not have been joined. They are not for the same cause. When the first suit was brought, the cause of action, which is the basis of the second, did not exist, and so in all the successive suits, which are for successive and different acts of wrong doing on the part of the defendants. "It is now perfectly well settled," observes WALTON, J. in *C. & O. Canal* v. *Hitchings*, 65 Maine, 140, "that one who creates a nuisance upon another's land is under a legal obligation to remove it. And successive actions may be maintained until he is compelled to do so."

A default admits there is a good cause for commencing an action.

*Judgment for plaintiff for costs in each action.*

WALTON, VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.