JOSIAH PERRY v. W. J. HARRIS.

(No. 2706, Op. Book No. 4.)

APPEAL from Caldwell County. Opinion by WILLSON, J.

§ 478. *Retaxing costs; witness fees.* Suit was originally brought in justice's court, appealed to the county court, where judgment was rendered against plaintiff for the costs. Plaintiff subsequently moved to retax the costs. His motion extended to all the costs, but particular objection was made to the fees of certain witnesses, and to witness fees as taxed in the justice's bill of costs. His objection to some of the fees was that the witnesses had not testified on the trial, and he also objected to the costs of a deposition, because said deposition had not been used on the trial. He cites no authority in support of this objection, except art. 1423, Rev. Stats., which declares that "There shall not be allowed in any cause the fees of more than two witnesses to any one fact." We cannot see the applicability of this article to the objection set up in the motion. It is not alleged that these witnesses were all summoned to testify to but one fact, or that more than two of them were summoned to testify to but one fact; the objection is that these witnesses, having been summoned as such, were not called to testify. It is not alleged or pretended that the witnesses had been unnecessarily or unjustly summoned. For aught that appears from the motion, the witnesses may all have been material

up to the very moment when the case was tried, but owing to some unanticipated occurrence in the trial, it may have become wholly unnecessary to use their testimony. Such instances frequently occur. In such cases, it would certainly be unjust to tax the costs of these witnesses against the party summoning them because he had not used their testimony on the trial. If it were alleged and proved that a party had summoned witnesses merely for the purposes of increasing the costs in the case, thus making use of the process of court to oppress his adversary, we would not hesitate to say that such costs should be disallowed. But we know of no rule that witnesses' fees are not to be taxed against the losing party, unless such witnesses testify on the trial of the cause.

§ 479. *Witness fees; taxed in justice's bill of costs, how.* Articles 2213, 2419, 2424, 2425 and 2281 of Rev. Stats., relating to witness fees and bills of costs, are cited, and the conclusions arrived at are: 1. That fees of each witness should be entered in the officer's fee book as a separate item of costs, stating the name of the witness, at whose instance summoned, the number of days he attended, and the amount to which he is entitled. 2. That the bill of costs should be made out from this fee book, and the law contemplates that "such bill of costs should show distinctly each item of the costs separately and not in the aggregate." In appeals from justice's to county court, the justice is required to send up, with the transcript, a certified copy of the bill of costs, *taken from his fee book.* [Rev. Stats. art. 1640.] This evidently means a bill of costs showing each item of the costs, and not a general statement; and the reason of the law is to prevent fraud and extortion on the part of those entitled to charge costs. Where, as in this case, instead of taxing the fees of each witness separately, the fees of all are aggregated into a single item, thus, "witness fees in justice's court, $117.76," as shown by the justice's transcript, *held,* that the charge is illegal, vague, indefinite, uncertain, and so general, irregular and informal that the

court should have sustained appellant's exceptions and stricken it from the bill of costs, as was done in the case of a similar item in H. & G. N. R. R. Co. v. Jones, 46 Tex. 133. It devolved upon Harris, plaintiff in the judgment, in answer to this motion, to show by proof the particulars of this general charge of witness fees, to show each item of the same, and establish the correctness and legality thereof. If this had been done, the motion would have been properly overruled and the witness fees properly taxed in the bill of costs. But no such proof was offered, and the court erred in not striking it from the bill of costs.

May 12, 1883.                    Reversed and remanded.