JOE HEDGES, W. J. WILLIAMS & SONS ET AL. v. W. T. ARMISTEAD.

(Case No. 1204.)

1. SERVICE OF PROCESS — JUDGMENT.— In a suit against a partnership, service on one member of the firm brings the firm before the court, so that a judgment may be rendered against it binding on the partnership and against the individual on whom service is made.

2. VARIANCE — APPEAL BOND.— When judgment is rendered on such service against the firm, and which also names the member served as a defendant against whom judgment is rendered individually, and the appeal bond names only the firm by the firm name, there is no variance; the objectionable words in the judgment will be regarded as surplusage. A mistake so obvious, which could be amended by the record, will be considered as amended.

APPEAL from Marion. Tried below before the Hon. B. T. Estes.

Suit brought by appellees in justice's court, on the 24th of September, 1881, against appellants to recover the sum of $200, the alleged value of certain timber charged to have been cut and carried off. Service was had upon appellant Joe Hedges and upon W. J. Williams & Sons, by service upon W. J. Williams. On November 3, 1881, the case was tried by the justice. Judgment for appellees against appellants for the sum of $140. A motion for new trial made by appellants was by the justice overruled, and appellants appealed to the district court. Bond for appeal to the district court was filed and approved.

Appellees filed a motion in the district court to dismiss the appeal, which motion was sustained, with judgment against appellants for costs. To that ruling of the court appellants took their bill of exceptions and gave notice of appeal.

In the final judgment it is recited that the parties, by their attorneys, appear, etc., and it appearing to the court that plaintiffs have been damaged in the sum of $140, etc., and that plaintiffs do have and recover from the defendants, naming them, and inserting W. J.

Williams. In the appeal bond, in describing the parties against whom the judgment was rendered, the name of W. J. Williams was omitted, except as given in the firm name.

*H. McKay*, for appellant.

*Chas. A. Culberson*, for appellees.

WEST, ASSOCIATE JUSTICE.— This suit was instituted and conducted against W. J. Williams & Sons and another. The service as to the firm was made on W. J. Williams alone, the senior member and head of the firm of W. J. Williams & Sons.

Under our statute (R. S., art. 1224), the effect of such service was to bring before the court the firm of W. J. Williams & Sons.

A judgment such as the one under consideration, rendered by virtue of such service, is valid and effectual, not only against the firm, but under the terms of the statute is valid and binding against W. J. Williams in his individual capacity also. It bound him. It effectually and finally fixed his individual liability for the amount in dispute.

The objectionable words in the judgment, which are supposed to change its character and give it additional effect as against W. J. Williams in his individual capacity, and to constitute a fatal variance between the appeal bond given and the final judgment rendered, are surplusage. They were probably or possibly inserted by the justice of the peace either by mistake or under a misapprehension as to their necessity. They give no additional force or virtue to the judgment.

As to the personal liability of W. J. Williams for the judgment, the legal effect was the same.

If regarded as surplusage, their omission from the appeal bond would not vitiate it. If they were inserted in the judgment inadvertently, or through mistake, they were the subject of amendment and correction. R. S., arts. 1354–1620.

As was well said by Mr. Justice Lipscomb in McKay *v.* Speak, 8 Tex., 377, "What was so obviously a mistake, . . . and could be amended by the record, will be considered as amended."

We are of the opinion that the bond, under the facts and circumstances disclosed by the record in this case, was sufficient, and that the district court should have retained the cause for trial *de novo*.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 2, 1883.]