E. P. GAINES v. MENSING, STRATTON & Co.

(Case No. 5313.)

1. JUDGMENT — COSTS. — If a mistake is made in taxing costs, upon a proper motion the return of the sheriff can be set aside and the costs re-taxed; but when a judgment has been satisfied, a party cannot claim that costs due him were not taxed, and ask that the judgment be remodeled and re-entered; he certainly cannot do so if he was not a party to the original suit and there was no evidence on the record to show a mistake.

APPEAL from Wise. Tried below before the Hon. W. H. Bullock, Special Judge.

Mensing, Stratton & Co. recovered a judgment in the district court of Wise county against E. P. Gaines for $213.61, foreclosing

a vendor's lien upon certain lands described therein, and for costs. An order of sale was issued thereon August 12, 1884, which was re-turned by the sheriff satisfied. September 3, 1884, the attorneys of Mensing, Stratton & Co. indorsed a receipt upon the judgment of full payment, and therein released the lien, etc.

This proceeding was commenced November 18, 1884, by Terrell and others, who claimed that certain costs were due them in the original suit, and prayed that the original judgment be remodeled, reformed and re-entered. Gaines pleaded the satisfaction of the judgment, etc.

Upon the hearing the court below rendered judgment in conformity with the prayer.

*J. P. Graham*, for appellant, cited: Menard *v.* Sydnor, 29 Tex., 257; Phelps *v.* Brackett, 24 Tex., 238; Brown *v.* Horless, 22 Tex., 645; Brownsville *v.* Basse, 43 Tex., 448; Irvin *v.* Garner, 50 Tex., 50; Glasscock *v.* Glasscock, 17 Tex., 487; Brown *v.* Christie, 35 Tex., 690; 4 Kent, 350; Pope *v.* Davenport, 52 Tex., 206.

No briefs on file for appellees.

WATTS, J. COM. APP.— Obviously the judgment rendered by the court below in this proceeding has no foundation whatever in law.

The judgment rendered in the original suit in favor of Mensing, Stratton & Co. against E. P. Gaines *et al.* was for the note, princi-pal and interest, a foreclosure of the vendor's lien and cost of suit. Upon that judgment an order of sale was duly issued and placed in the hands of the sheriff, and he returned the same satisfied, the de-fendant, as stated in the return, having paid to him "the amount of the within judgment, interest and cost."

The appellees claimed that costs were due them which had not been taxed, and asked that the judgment be remodeled and re-entered, and this the court attempted to do, notwithstanding Mensing, Stratton & Co. were not parties to the proceeding, and notwith-standing there is nothing in the record showing that there was any cost due them in the original cause, or, if so due them, that it was not paid to the sheriff by Gaines.

If there had been a mistake in taxing the costs, then upon a proper motion the return of the sheriff might have been set aside and the costs re-taxed. R'y Co. *v.* Jones, 46 Tex., 133.

But in this case there is no evidence adduced that would have authorized the court to set aside the sheriff's return and re-tax the

costs, much less to remodel, reform and re-render a judgment which had been paid, satisfied and discharged.

Our conclusion is the judgment ought to be reversed and the proceeding dismissed at the costs of appellees.

REVERSED AND DISMISSED.

[Opinion adopted June 5, 1885.]