Smith v. Nelson.

A. R. C. SMITH, Respondent, v. L. P. C. NELSON et al., Appellants.

Costs—Bill—Filing—Entry—Time — Directory — Compromise—Acceptance—Amendment of Bill—Objections—On Trial—Necessity—Appeal—Witnesses—Fees—Several Cases.

1. Where defendants, in accordance with Revised Statutes, section 3217, at the commencement of the trial offered, in writing to allow judgment for a certain sum and accrued costs in full satisfaction of plaintiff's claims, plaintiff could file a bill of costs.

2. Where plaintiff filed a bill of costs which did not comply with the statute, and within the time allowed by law filed a second one in proper form, costs were properly taxed under the second bill.

3. Under Revised Statutes, section 994, providing that every witness legally required to attend on the district court is entitled to a certain amount for each day's attendance and mileage, witnesses subpoenaed and in actual attendance in several cases at the instance of the same plaintiff, are entitled to their fees in each case, though the suits are pending at the same time and place.

4. Failure of the clerk of the court to insert in the judgment the amount of costs within two days after taxation thereof, as required by Revised Statutes, section 3353, does not defeat recovery of costs; being merely directory, and not prohibiting their entry after the expiration of two days.

5. Where in an action for trespass, the objection that plaintiff could not recover more than one-half of the costs was not made in the trial court, it will not be considered on appeal.

Decided June 10, 1901.

Appeal from District Court, Box Elder County.—*Hon. C. H. Hart,* Judge.

Action by A. R. C. Smith against L. P. C. Nelson and others. From a judgment taxing costs in favor of plaintiff, defendants appeal.

AFFIRMED.

*Ricy H. Jones, Esq.,* for appellants.

*W. L. Maginnis, Esq.,* for respondent.

BARTCH, J.—The plaintiff brought this action to recover damages of the defendants for herding and pasturing sheep upon his premises without his consent. It appears, at the commencement of the trial, on September 24, 1900, the defendants, under section 3217, Revised Statutes, offered, in writing, to allow judgment to be taken against them for a certain sum and for accrued costs, in full satisfaction of plaintiff's claim. This offer was accepted in open court, and thereupon judgment was directed to be entered against them accordingly. The appellants now complain of the action of the court in taxing costs, and, among other things, insist that the court erred in holding that the plaintiff, having accepted the offer of compromise under the statute, could file a bill of costs. The answer to this is that the defendants offered to pay the accrued costs, and the statute does not prohibit such an offer. Hence, the acceptor had a right to file his bill. In this case a second cost bill was filed, and, the court having recognized such second bill in taxing the costs, its action in the premises is assigned as error. The appellants insist that the filing of the first bill exhausted the right. Such is not necessarily the case.

Immediately after the offer for entry of judgment was made and accepted, the first bill was filed; but, finding that it did not comply with the statute respecting costs, the plain-

tiff, it seems, abandoned it, and within five days (the time allowed by law) filed the second one, in proper form. At the hearing of appellants' motion to strike out and disallow the cost bills, the court denied the motions, ignored the first bill, and taxed the costs under the second. We perceive no error in this. The second bill simply embraced the first, with amendments so as to make it conform to the requirements of law. The action of the court was equivalent to permitting an amendment, and the costs were therefore properly taxed under the second bill. Such loose practice, however, in filing such bills, must not be encouraged. Jeffery v. Hursh, 58 Mich. 246, 25 N. W. 176, 27 N. W. 7.

It is further insisted that the court erred in allowing witness fees for witnesses who were at the same time in attendance upon court in several other cases in which the plaintiff was a party. Under our statute (section 994, Rev. St.), as we construe it, a witness subpoenaed and in actual attendance in several cases at the instance of the same plaintiff is entitled to his fees in each case, although the suits are pending at the same time and place. Other jurisdictions have ruled likewise on this subject. 5 Enc. Pl. and Prac., 139; Willink v. Reckle, 19 Wend. 82; Flores v. Thorn, 8 Tex. 377; Robison v. Banks, 17 Ga. 211; Vence v. Speir, 18 How. Prac. 168; Dorrell v. Johnson, 17 Pick. 263; McHugh v. Railway Co., 41 Wis. 79; Hicks v. Brennan, 10 Abb. Prac. 304; Eames v. Black, 72 Me. 263.

Nor do we think the failure of the clerk of the court to insert in the judgment the amount of costs taxed within two days after the taxing of the same, as provided by section 3353, Revised Statutes, is fatal to a recovery of costs by the plaintiff. That statute, as to the time for entering the costs, is directory merely, and does not prohibit the inserting of them after the expiration of two days, although it is the duty of the clerk to comply explicitly with the terms of the statute. The words

of the enactment are affirmative, not negative, and impose no limitation upon the power. Nor does it appear from the context that the Legislature intended such a result as is contended for here. Such enactments are generally construed to be directory. Suth. St. Const., secs. 446-450.

The point made by the appellants that, under section 20, Revised Statutes, a plaintiff in an action for trespass can not recover more than one-half of the costs, presents no question for our consideration, since, as appears, the objection was made for the first time in this court, and thus was neither presented to nor passed upon by the court below. We therefore refrain from determining whether or not that statute applies to a case where the facts are like those in the one at bar. Further discussion herein is deemed unimportant. We find no reversible error in the record. The judgment is affirmed, with costs.

*Miner, C. J.,* and *Baskin, J.,* concur.