## A. R. C. SMITH, Respondent, v. AUGUST VALENTINE et al., Appellants.

ANIMALS—TRESPASS—COSTS.

In taxing the costs in an action for damages caused by the trespass of sheep, it was prejudicial error not to apply Revised Statutes, section 20, providing that the fees in an action for trespass by certain animals shall be one-half the fees in other civil cases.

Decided June 11, 1901.

Appeal from District Court, Box Elder County.—*Hon. C. H. Hart,* Judge.

'Action by A. R. C. Smith against August Valentine and another. From a judgment in favor of the plaintiff, the defendants appealed.

JUDGMENT MODIFIED.

*Ricy H. Jones, Esq.* for appellants.

*W. L. Maginnis, Esq.* for respondent.

BARTCH, J.—The questions of law presented in this case are almost identical with certain ones presented in the case of Smith v. Nelson, 23 Utah 512, 65 Pac. 485. The nature of each case is the same. The same person was plaintiff in each, and the facts of both are very similar. The only material legal question here presented, and which was not considered in Smith v. Nelson for the reasons therein stated, is whether the court erred in failing to apply section 20, Revised

Statutes, in taxing the costs. For a decision of all the other material points in this case presented we refer to our opinion in that, and herein will simply be decided the one not therein considered or passed upon. These appellants insist that the court erred in refusing to tax the costs with reference to that section of the statute which reads: "If any neat cattle, horses, asses, mules, sheep, goats, or swine shall trespass or do damage upon the premises of any person, except in cases where such premises are not inclosed by a lawful fence in counties where a fence is required by law, the party aggrieved, whether he be the owner or the occupant of such premises, may recover damages by an action at law against the owner of the trespassing animals, or by distraining and impounding said animals in the manner provided therein: provided, that in cases where an action is brought for the recovery of such damages, none of the animals trespassing shall be exempt from execution, and the fees in such cases shall be but one-half the fees in other civil cases." This section expressly provides that in any action for the recovery of damages for the trespass of any of the enumerated animals "the fees shall be but one-half the fees in other civil cases." In the case at bar the trespassing animals were sheep, which, as will be noticed, are included within the terms of the statute, and the action was instituted to recover damages for the trespass. The court ought, therefore, to have applied this section in assessing the costs, and its failure to do so upon its attention having been called thereto by motion of the appellants was prejudicial error. The cause must therefore be remanded, with directions to the court below to modify the judgment as to costs so as to conform to section 20, Revised Statutes, and, when so modified, the same is to stand affirmed. The respondent is to pay the costs of this appeal.

It is so ordered.

*Miner, C. J.,* and *Baskin, J.,* concur.