EARLY & CLEMENT GRAIN CO. et al. v. FITE et al.

(Court of Civil Appeals of Texas. Amarillo. April 20, 1912. Rehearing Denied May 25, 1912.)

1. APPEARANCE (§§ 9, 24*)—GENERAL APPEARANCE—FILING PLEA.

The filing of a plea of privilege to the jurisdiction of the court by a defendant constitutes a general appearance waiving all irregularities in the citation or service thereof, and requiring such defendant to take notice of the subsequent proceedings, including the filing of an amended petition and the filing of a cross-action by another defendant, and hence the judgment in the cross-action is not a judgment by default but a judgment nihil dicit.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52, 118–143; Dec. Dig. §§ 9, 24.*]

2. APPEAL AND ERROR (§ 916*) — REVIEW — PRESUMPTIONS.

Where a judgment rendered on April 18th adjudicated the issues raised by a cross-bill, it will be presumed that the clerk's file mark on the cross-bill dated April 19th was a clerical error, and that the cross-bill was on file when the judgment was rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. § 916.*]

3. PARTNERSHIP (§ 219*)—PARTIES.

A petition alleging a cause of action against the "E. & C. Grain Company, a partnership composed of E. & C.," justifies a judgment against the partnership and the individual members.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–445; Dec. Dig. § 219.*]

4. APPEAL AND ERROR (§ 1073*)—HARMLESS ERROR—JUDGMENT.

In an action against the "Early & Clement Grain Company" and "B. E. Clement," a clerical error in entering judgment against "Early & Clements Grain Company" and "B. E. Clements" is not reversible error; the record and judgment taken together pointing out the persons bound.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. § 1073.*]

Error to Dickens County Court; F. C. Gipson, Judge.

Action by P. A. Fite and others against the Early & Clement Grain Company and others. Judgment for plaintiffs, and the defendant named brings error. Affirmed.

Davis & Cocke, of Waco, for plaintiff in error. Glasgow & Maynard, of Spur, and Nelson & Pool, of Stamford, for defendants in error.

PRESLER, J. Plaintiff below, P. A. Fite, in his original petition filed the 25th of Oc-

tober, 1910, sued the Spur Grain Company, a copartnership composed of J. M. Bennett and R. M. Dickinson, alleging that they had an office and place of business in Spur, Dickens county, Tex., also R. M. Dickinson doing business under the name of Stamford Brokerage Company, who is alleged to reside in Jones county, Tex., and Early & Clement Grain Company, a partnership composed of Eugene Early and B. E. Clement, doing business and having an office in Waco, McLennan county, Tex., alleging for cause of action that on or about the 24th of January, 1910, Early & Clement Grain Company sold to Stamford Brokerage Company a car of corn chops to be shipped to Spur, Dickens county, to Spur Grain Company, said Spur Grain Company having purchased said car of chops from Stamford Brokerage Company; that said car of chops reached Spur during the month of February in a damaged condition, being wet, moulded, and rotten; that the chops lost in weight and were not in a marketable condition, and Spur Grain Company were compelled to sell the chops at $377.20 less than the cost, and that if the chops had been in a marketable condition the Spur Grain Company could have sold the car at a profit of $40, thus causing a loss to the Spur Grain Company and Stamford Brokerage Company of $411.20; that on or about the 10th of June, 1910, the Spur Grain Company and Stamford Brokerage Company sold their claim for said damages to plaintiff Fite, guaranteeing the payment at Spur, Dickens county, Tex. That thereby the Spur Grain Company, the Stamford Brokerage Company, and Early & Clement Grain Company became liable to plaintiff in the amount sued for. On the 17th of April, 1911, the defendant Early & Clement Grain Company answered by a plea to the jurisdiction of the court, setting up their personal privilege to be sued in the county of McLennan, as the county of their residence, alleging that neither the said Early & Clement Grain Company nor Eugene Early nor B. E. Clement, who the plea alleges composed the members of said company, resided in Dickens county, Tex., and that the said Early & Clement Grain Company and both and each of its said members were resident citizens and had their domicile in McLennan county, Tex., at the institution of this suit and at the time of the service of process herein and at the time of filing said plea, and that none of the exceptions provided by statute existed in this cause; and further in said plea alleged that the defendants the Spur Grain Company and the Stamford Brokerage Company colluded with the plaintiff P. A. Fite in selling and transferring to him their pretended claim for the fraudulent purpose of conferring jurisdiction upon the court of Dickens county, Tex. This plea was duly signed and verified by B. E. Clement and Eugene Early.

Thereafter plaintiff Fite filed his amended petition complaining of the same parties except J. M. Bennett, alleging that he had died since the institution of this suit, and at the time of his death was a resident of Dickens county, Tex., and that the cause of action against the Spur Grain Company, of which Bennett was a partner, survived against the company and its surviving member, Dickinson, a resident of Jones county, and alleging its cause of action against the said Spur Grain Company, the Stamford Brokerage Company, R. M. Dickinson, and the Early & Clement Grain Company, composed of Eugene Early and B. E. Clement, substantially as in his original petition; alleging further, however, that the Stamford Brokerage Company in said transaction acted only as a broker, and that the purchase of the car load of chops was made by the Spur Grain Company from the said Early & Clement Grain Company through the Stamford Brokerage Company. Thereafter R. M. Dickinson as sole surviving member of the firm of Spur Grain Company filed his answer and cross-action against Early & Clement Grain Company, praying, if judgment should be rendered against him in his capacity as survivor, that he have judgment over against Early & Clement Grain Company and each member of said firm for such sum as he or the Spur Grain Company may be required to pay in satisfaction of plaintiff's judgment.

On the 18th day of April, 1911, the case was tried and the plea of privilege filed by Eugene Early and B. E. Clement, composing the partnership firm of Early & Clement Grain Company, was denied and overruled by the court, and the plaintiff dismissed as to R. M. Dickinson, doing business as the Stamford Brokerage Company. The case then proceeded to trial on its merits, all the remaining parties appearing except that the defendant Early & Clement Grain Company and the individuals composing said firm failed to make further answer than their said plea of privilege. The case was tried by the court which found that J. M. Bennett was dead and that plaintiff should have judgment against R. M. Dickinson, surviving member of the firm of Spur Grain Company, and Early & Clement Grain Company, Eugene Early, and B. E. Clement for $411.20, and that R. M. Dickinson have judgment over against Early & Clement Grain Company, Eugene Early, and B. E. Clement for such sum as said Dickinson should pay to plaintiff. From which judgment plaintiffs in error duly appeal to this court and here seek revision of said judgment upon various errors assigned, which it is not necessary to consecutively consider in determining this appeal.

[1] The decisive question in this case is presented by plaintiffs in error's contention, raised under several assignments, to the effect that, by pleading to the jurisdiction by their said plea of privilege, they did not make a general appearance in the case and were in fact in court only for the purpose of having the question of their right to be sued in the county of their residence determined and no further. We are of the opinion that the filing of the plea of privilege by plaintiffs in error had the effect of a general appearance which waived any irregularities in the citation or service thereof and required plaintiffs in error to take notice of all further proceedings in the cause, including the filing of defendant in error Fite's amended petition and the cross-action of defendant in error Dickinson, and that the judgment of the court rendered therein was therefore not a judgment by default but was a judgment nihil dicit amounting to a confession of all matters pleaded by defendants in error Fite and Dickinson; it appearing from the brief of plaintiffs in error and from the whole record that plaintiffs in error filed and urged their plea of privilege to be sued in the county of their residence and made no further answer in the case, nor did they make any motion to have the judgment set aside or revised in any way.

In the case of Santa Fé, L. E. & P. Land & Trust Company v. Cumley, 132 S. W. 889, the Second Court of Civil Appeals announced what we consider to be the true rule with reference to the question here considered, as follows: "The ground of attack set out in the first and second assignments is predicated upon the alleged insufficiency of the citation issued by the clerk of the court of Midland county, but, whatever the defects in that writ, they must be held to have been waived when the defendants filed their answer in that court. It is true that the answer consisted alone of a verified plea of privilege, but it in no way limited the appearance to the purpose of urging this plea, and, if it did, the effect would not be different since the object of a writ of citation is to give notice to the defendant, and it is well settled, both by statute and decision, that the filing of an answer constitutes an appearance for the defendant so as to dispense with the necessity for the issuance of service of citation upon him. Sayles' Ann. Civ. St. 1897, art. 1242; York v. State, 73 Tex. 651, 11 S. W. 869."

[2] It appears from the record that the cross-bill of defendant R. M. Dickinson bears the file mark of the clerk of date April 19, 1911, while the judgment rendered is of date April 18, 1911, and plaintiffs in error contend that the court erred in rendering judgment upon said cross-action in favor of the said Dickinson; it appearing that said cross-action was filed after final judgment. We think this contention is without merit. The cross-action having been recognized and

acted on by the court, and the issues presented by such plea having been adjudicated, as shown expressly by the judgment of the court, the discrepancy between the date of the judgment and date of the clerk's file mark indorsed on the pleading becomes immaterial. The law presumes in support of the judgment that the pleading was on file when the judgment was rendered, and that the date of the clerk's file mark was but a clerical error, especially when the question is raised for the first time on appeal. In 3 Cyc. p. 154, the rule is thus stated: "A recital in a judgment will be given credit in preference to a memorandum on the bench docket, the record of the clerk, the minutes of the judge, or a declaration in an assignment of error, and the record entry governs a certificate of the clerk." Knight v. Holloman, 6 Tex. 153–163; Holman v. Chevaillier, 14 Tex. 337; Turner v. State, 41 Tex. 549; Carter v. Kieran, 115 S. W. 272; McKay v. Speak, 8 Tex. 377; Hedges v. Armistead, 60 Tex. 276.

[3, 4] The only remaining question presented in plaintiffs in error's brief that we deem necessary to here notice is raised by their seventh assignment contending that the pleadings in both petitions make the firm of Early & Clement Grain Company, and not the individuals thereof, parties, and that the judgment attempts to award recovery against the members of the firm; and, second, that the pleadings name Early & Clement Grain Company and B. E. Clement, and the judgment is against Early & Clements Grain Company and B. E. Clements. We are of the opinion that the pleadings are sufficient on the state of this record to authorize the judgment entered against the company and the individual members thereof, and that there is no such material error in the clerical mistake of writing the name "Clements" instead of "Clement," where it so occurs in the judgment, as would warrant a reversal of this case. As said by Justice Lipscomb in the case of McKay et al. v. Speak et al., 8 Tex. 377, 378: "What was so obviously a mistake of the clerk and could be amended by the record will be considered as amended." It being apparent throughout the entire record that the parties against whom judgment was sought and who by their answer placed themselves in court were the Early & Clement Grain Company, Eugene Early, and B. E. Clement, and that the record and the judgment, taken together, point out the persons to be bound by the judgment, to wit, Early & Clement Grain Company, Eugene Early, and B. E. Clement, with unmistakable certainty, said assignment is therefore overruled. McKay v. Speak, 8 Tex. 377, 378; 23 Cyc. 815; Russell et al. v. Oliver, 78 Tex. 11, 14 S. W 265.

Plaintiff in error's remaining assignments having been considered and presenting no reversible error, we are of the opinion that the judgment appealed from should be in all things affirmed, and it is accordingly so ordered.