## MALSTROM v. LUND.

No. 3387.   Decided December 4, 1919.   Rehearing denied January 2, 1920.   (185 Pac. 1109.)

1. APPEAL AND ERROR—FINDINGS SUPPORTED BY COMPETENT TESTIMONY NOT REVIEWABLE. Where the record conclusively shows that there is substantial competent testimony to support the trial court's findings, the Supreme Court is powerless to review the record to determine the weight of the testimony. (Page 356.)

2. GIFTS—TRUSTEE HOLDING GIFT FOR MINOR CANNOT CLAIM EXPENDITURE AT DONOR'S DIRECTION. If a gift was completed, the money at that time became the property of donee plaintiff, then a minor, and plaintiff's grandmother, donor, had no longer control over it after placing it with defendant as trustee, and defendant cannot defeat plaintiff's claim by attempting to show

the money was expended by him at donor's direction.    (Page 356.)

3.    APPEAL AND ERROR—OBJECTION TO RECOVERY OF COSTS NOT PRESENTED IN INTERMEDIATE COURT NOT REVIEWABLE.    Where plaintiff was awarded costs upon appeal from city to district court which defendant claimed should have been awarded to defendant under Comp. Laws 1917, section 7040, and defendant did not avail himself of the right to move to retax under section 7048, the district court had no opportunity to pass upon the question, and it cannot be raised for the first time on appeal to the Supreme Court.[1]    (Page 356.)

Appeal from District Court, Third District, Salt Lake County; *Wm. H. Bramel,* Judge.

Action by Mertie T. Malstrom against J. C. Lund, brought in the City Court of Salt Lake City.

From a judgment for plaintiff, defendant appealed to the district court, where judgment was also rendered for plaintiff, and defendant appeals.

AFFIRMED.

*S. P. Armstrong,* of Salt Lake City, for appellant.

*William Reger* and *Chris Mathison,* both of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff in this action asks judgment for money claimed to have been delivered to the defendant for plaintiff by plaintiff's grandmother on or about August 6, 1902. At that date plaintiff was a minor of the age of twelve years. Defendant admits the receipt from the grandmother of the amount stated in the complaint, but alleges that he received and held such money subject to the orders of the grandmother, and that during her lifetime he paid out at her direction all but a small

---

[1] *Smith* v. *Nelson,* 23 Utah, 512, 65 Pac. 485.

amount which, after the death of the grandmother, he gave to the plaintiff. The case was tried to the court without a jury. Judgment was entered in favor of plaintiff. Defendant appeals.

It appears from the record that the defendant, Lund, is the son of the grandmother, Mrs. Taylor, and also the uncle of plaintiff, being a brother of the plaintiff's mother. The plaintiff's mother died in 1896, and the grandmother in 1915. The grandmother resided at Ephraim, Utah, and the defendant at Salt Lake City. In August, 1902, it appears there was no banking institution at Ephraim, home of the grandmother. The donor, evidently with a desire to divide part of her property among her living children and the children of the deceased daughter, sent by mail to the defendant approximately $4,300, with directions to deposit $1,000 of that amount to his own account, $1,000 to a daughter, $1,400 to another son, and $300 each for the plaintiff and her two sisters. The letter accompanying this gift is not in the record. The defendant deposited $300 in the name of each of the three grandchildren, including plaintiff, who were all minors, per himself as trustee, in a savings bank at Salt Lake City. The $300 deposited in the name of the plaintiff remained in the bank, and different amounts were withdrawn, the defendant claims under the direction of the grandmother, until the date of her death in 1915, when only thirty-one dollars remained.

It is the contention of plaintiff that the money given to the defendant was a completed gift to her at the date it was delivered to defendant. The defendant contends, and so testified at the trial, that the amount was given to him to hold and to be distributed as directed by the grandmother during her lifetime, and whatever remained at her death to be given to the plaintiff.

There is one question of fact only as shown by this record: Was the $300 sent to defendant in August, 1902, by the grandmother intended as a gift at the time to this plaintiff? The case was first tried in the city court of Salt Lake City, and that court found the facts against the defendant. Defendant appealed to the district court, and upon a hearing de novo that court also found the facts contrary to the con-

tention of defendant. The record conclusively shows that there is substantial competent testimony to support the court's findings. This court is therefore powerless to review the record to determine the weight of the testimony. If the gift as found by the court below was a completed gift, and the amount at that time became the property of the plaintiff, the grandmother had no longer control over it, and defendant cannot defeat plaintiff's claim by attempting to show that the money was expended by him upon the grandmother's direction. The district court gave the defendant credit for all amounts which the plaintiff had directly received during the lifetime of the grandmother, and it seems that the plaintiff made no claim against the defendant for those items. The difficulty seems to be that the defendant, as he claims at the direction of his mother, loaned the major part of this money to a brother-in-law, and the latter has neglected to repay him the amount borrowed. While that may result in defendant having to personally pay this judgment, still that fact should not affect the plaintiff's right to recover.

The judgment against the defendant in the city court was $499.99. On appeal to the district court judgment was entered against defendant in the sum of $419.64. Plaintiff filed a memorandum of costs in the district court, including the costs in the city court and also that in the district court. It is assigned as error that the plaintiff was awarded costs, and it is urged that under Comp. Laws Utah 1917, section 7040, the defendant should have recovered his costs on appeal for the reason that the judgment of the district court reduced the judgment of the city court in an amount greater than the costs on appeal. Defendant did not file any memorandum of costs, nor did he apply to the court for permission to do so. Neither did he see fit to avail himself of the right to move the court to retax costs, as provided by Comp. Laws Utah 1917, section 7048. The only reference in the record is a minute entry from which it appears that an oral stipulation was made by counsel as to the amount of defendant's costs in the city and district courts. The district

court was therefore given no opportunity to pass upon the question presented by this assignment. This court, in cases like the one under consideration, will not review matters which were not presented to the district court but are raised for the first time on appeal in this court. *Smith* v. *Nelson*, 23 Utah, 512, 65 Pac. 485.

We find no reversible error in the record.

Judgment is AFFIRMED, with costs to respondent.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.