## JOSEPHINE EHRNGREN, RESPONDENT, v. NILS J. GRONLUND, MARTIN CHRISTOPHERSON, GEO. H. TAYLOR, AND THOMAS E. TAYLOR, APPELLANTS, CHRISTINE ROCKWELL, DEFENDANT.

DECREES — OF TERRITORIAL PROBATE COURTS — CONCLUSIVENESS OF. PROBATE DECREE — UNDER SEC. 4262 C. L. U. 1888 — RELEASE AND DISCHARGE OF EXECUTOR AND HIS BONDSMEN UNDER SEC. 4284 C. L. U. 1888 — AGREEMENT BETWEEN EXECUTOR AND HEIR — SCRUTINY OF. LOAN BY HEIR TO EXECUTOR — VOID WHEN — INDUCEMENT — CONCEALMENT — MISREPRESENTATIONS OF EXECUTOR.

1. *Decrees — Of Territorial Probate Courts — Conclusiveness of.*

A decree of a Territorial Probate Court, until reversed or modified, is as final and conclusive, between the parties, as a judgment of the district court.

2. *Probate Decree — Under Sec. 4262 C. L. U. 1888 — Release and Discharge of Executor and His Bondsmen. Under Sec. 4284 C. L. U. 1888.*

Where a decree in a probate proceeding was entered under Sec. 4262 C. L. U. 1888, directing an executor to deposit certain

money in bank for the use and benefit of an heir, the executor could not be released and his bondsmen discharged, under Sec. 4284 C. L. U. 1888, until he had fully complied with the decree of the probate court.

3. *Agreement between Executor and Heir — Scrutiny of.*

Agreements and transactions between an executor and a minor heir are always closely scrutinized by the courts.

4. *Loan by Heir to Executor — Void When — Inducement — Concealment — Misrepresentation of Executor.*

Where an executor fraudulently induces an heir to loan to him a sum of money, bequeathed to her, but to which she is not entitled until she reaches twenty-one years of age, and the evidence shows that the executor procured the loan by concealing from the heir his failing financial condition, and by misleading her in other respects, the transaction is not only questionable but absolutely void.

(Decided May 2, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action upon a bond of defendant Gronlund, as executor.

From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Messrs. Moyle, Zane & Costigan,* for appellants.

The rule of law is plain that when a man acts in a double capacity, and the time comes when he ceases to be the one thing and becomes another, the character of the fund changes likewise, and therefore the sureties upon his bond in this first capacity are no longer liable. *Wooley* v. *Price,* 37 Atl. Rep., 644; In *Taylor* v. *Deblis,* 4 Mason, 131; *Carroll* v. *Bosley,* 6 Yerger, 220; *Watkins* v. *Shaw,* 2 G. & J. (Md.), 220; *Bell* v. *People,* 94 Ill., 230; *State* v. *Cheston,* 51 Md., 352; *U. S.* v. *May,* 4 Mack., 4; *State* v. *Anthony,* 30 Mo. App., 625;

*Perkens* v. *Lewis,* 41 Ala., 642; S. C. 94 Am. Dec., 616; *Ruffin* v. *Harrison,* 86 N. C., 190, affirming same case, 81 N. C., 208; *Hinds* v. *Hinds,* 81 Ind., 312, 315; *Wooley* v. *Price,* 37 At. Rep., 644.

The cases are clear on the proposition that if a *cestui que trust* is *sui juris* and consents to a breach of trust, he can not complain of the breach of trust as against the trustee. *Booth* v *Booth,* 1 Beav., 125; *Brice* v. *Stokes,* 11 Ves., 319; *Boole* v. *Munday,* 103 Mass., 174; *Nail* v. *Punter,* 5 Sim., 555.

The conditions in the bond are to be construed in favor of the obligors, and the liabilities of sureties will not be extended beyond the strict letter of their contract. *Victor Sewing Machine Co.* v. *Crockwell,* 2 Utah, 557; *McGovney* v. *State of Ohio,* 20 Ohio St., 93. See also *Des. Nat. Bank* v. *Burton,* 53 Pac. Rep., 215.

*Messrs. Williams, Van Cott & Sutherland,* and *J. H. Hurd, Esq.,* for respondent.

This decree of the probate court was entitled to the same presumptions and intendments as a decree of the district court, or of any other court of record. 2 C. L., Sec. 3016; *Wheeler* v. *Bolton,* 54 Cal., 305; *Evans* v. *Gerken,* 105 Cal., 313; *Schofield* v. *Churchill,* 72 N. Y., 570.

The executor is liable, together with his sureties, because the executor's duty was never discharged until the bequest was deposited as directed by the decree of distribution. 1 Perry on Trusts, Sec. 262; *Hood* v. *Hood,* 85 N. Y., 561.

Even if the respondent could anticipate the bequest by agreement, yet her agreement would not avail the appellants, because the executor misrepresented facts and law to the respondent, she had no proper legal advice, she had

just become of age, and the burden of proof is upon him to show the transaction absolutely fair. *Wickersham* v. *Crittenden*, 93 Cal., 28; 27 Ency. Law, p. 194, *et seq.*, 213, 214, notes; *Diller* v. *Brubacker*, 91 A. D., 177 (52 Pa. St., 498); *Pickett* v. *School District*, 3 A. R., 105 (25 Wis., 551).

The general rule is, 1st, that in the absence of directions, a loan can only be made on the safest security; 2d, the rule is unbending that when directions are given, the loan must be made as directed. In the case at bar, neither was done. Therefore, there can be no release from liability either of the executor or his sureties. 1 Perry on Trusts, Sec. 453; 2 Woerner on Administration, Sec. 366.

Miner, J.

This action was brought upon the bond of Nils J. Gronlund, as executor of the last will and testament of John Ehrngren. The respondent, Josephine Ehrngren, was the daughter of the testator, John Ehrngren. The bond was executed by Gronlund as principal, and the other defendants as his sureties, to the Territory of Utah, for the use of the heirs and creditors of John Ehrngren, deceased, in the penal sum of $28,000, for which sum well and truly to be paid, the principal and sureties bound themselves, their heirs, administrators and assigns, jointly and severally. The obligation bound the executor to faithfully execute the duties of the trust as executor according to law. The bond was approved and filed August 1, 1890.

In the will of the deceased, the following bequest was made to his daughter, the respondent:

"Fifthly: I give and bequeath to my daughter, Josephine Ehrngren, the sum of two thousand dollars. Said

amount to be placed by my executors, hereinafter to be named, in some safe investment, or deposited in some reputable bank in Salt Lake City for the benefit of my said daughter Josephine, who is to receive the interest thereof, but not the principal, until she arrives at the age of twenty-one years, when the said amount, with the proceeds thereof, is to be delivered to her, unless in the opinion of my executors hereinafter to be named, her welfare would be better subserved by drawing a portion of the said amount and investing it in a home or real estate for her before she reaches the age of twenty-one years."

The final account of the executor and petition for distribution were duly filed, and thereupon on January 3, 1893, the court ordered and decreed that the residue of said estate be distributed as follows : "To Josephine Ehrngren the sum of $1,635.30 cash, said amount to be deposited by said executor in Zion's Savings Bank and Trust Company of Salt Lake City for said Josephine Ehrngren. The interest of said amount to be paid her as it accrues, but the principal to remain deposited in said bank until she arrives as the age of twenty-one years, on the 5th day of January, 1896, after which date said principal sum may be paid to her."

It appears that the executor never at any time deposited said sum of $1,635.30, or any part thereof, in the Zion's Savings Bank, for the benefit of said Josephine Ehrngren, or otherwise, or in anywise complied with the order and decree.

The appellants contend, among other things, that when the decree was made the executor was acting as trustee, and that the sureties never became obligated to secure the faithful performance of the duties of the executor while acting as trustee in the deposit of the fund in the bank for Josephine Ehrngren, and that the court had no juris-

diction to make the order and decree made requiring the executor to deposit the money in the bank, and that the bond only holds the sureties liable to heirs and creditors, and not to legatees.

Under the will as construed by the court, the testator did not bequeath the fund in question to the executor as trustee, for the respondent in trust. On the contrary he bequeathed it to the respondent, but the enjoyment of the principal sum was postponed until she arrived at the age of twenty-one years. The decree entered required the fund belonging to the respondent to be deposited in the Zion's Savings Bank and Trust Company, for Josephine Ehrngren, and to remain there deposited until she arrived at the age of twenty-one years, at which time it was to be paid to her. This decree as between the parties was a final judgment, and as conclusive, until reversed or modified, as a decree of the district court. 2 Comp. Laws, Sec. 3016.

This decree was never appealed from, but remained in full force when this action was commenced, and the appellants thereby acquiesced therein.

Under our statute, the settlement of the accounts of an executor are final and conclusive, and a decree of distribution is conclusive, subject to a reversal or modification, and the court must distribute the amount to which each person is entitled, and such distributees may sue for the amounts to which they are entitled. 2 Comp. Laws, 1888, Secs. 4241, 4262.

Sec. 4057 provides that the bond must be conditioned that the executor or administrator shall faithfully execute the trust according to law.

Sec. 4284, C. L. U. 1888, provides: "When the estate has been fully administered, and it is shown by the executor, or administrator, by the production of satisfac-

tory vouchers, that he has paid all sums of money due from him, and delivered up, under the order of the court, all the property of the estate to the parties entitled, and performed all the acts lawfully required of him, the court must make a judgment or decree discharging him from all liability to be incurred thereafter.''

The executor could not obtain his discharge so as to release the sureties on the bond until he had complied with this decree, and paid over the money as directed therein.

In *Wheeler* v. *Bolton*, 54 Cal., 305, it is held under a similar provision of the statute, that, if an executor has possession of property his duty is not ended until he has delivered the property in accordance with the decree, and not until then can he have his discharge.

In *Evans* v. *Gerken*, 105 Cal., 313, it is said in a similar case: '' The decree of distribution had fixed the liability of the executor and was conclusive alike upon the sureties.

So, in *Schofield* v. *Churchill et al.*, 72 N. Y., 570, it is said: '' In the absence of fraud or collusion between the executor and the legatee, the decree of the surrogate is conclusive upon the sureties. It binds the principal and the sureties alike, and can not be impeached in a collateral proceeding. While the most solemn judgments do not conclude those who are neither parties nor privies, yet, when an obligee undertakes the payment of a judgment which may be recovered against his principal, he can not escape the effect of such judgment when recovered. He has bound himself to pay, and is indebted for the amount of the judgment when recovered, without regard to its legal merits. Such is the nature of his contract, and he must abide and stand by it, irrespective of the consequences. He can not go behind it, or allege

that it was erroneous and embraced more than was
intended. The decree is final as to the indebtedness of
the estate, and the obligation of the executor to pay, and
the sureties can not go back of such judgment." 167
Mass., 283.

In *Towne* v. *Ammidown*, 20 Pick., 538, it is said:
"The condition of the bond is, to administer the
estate according to the will. One of the directions of
the will was, to hold this fund of $2,000 till the legatee
should marry or die, and in the meantime to pay her the
interest on it. It was their duty as executors to perform
this trust; the sureties, by their bond, undertook that they
should do it; and the non-performance is a breach. This
point we now consider is settled by the authorities."

The executor was ordered by the court to deposit this
money as executor. The decree was directed to the
executor officially. The decree being conclusive, and the
court having directed the executor what to do with the
fund in the execution of his duty under the law, such
order and decree must be complied with before the execu-
tor would be entitled to his discharge from the obligation
imposed by the statute. His obligation, therefore, was
not ended, and the liability of his sureties was not can-
celed until he had complied with the order of the court,
and deposited the bequest as directed. Until this was
done, the principal and his sureties were bound. The
only way the executor could avoid the force of the decree
was by appeal, and reversal of the judgment. The order
and decree were binding upon the executor as such. He
failed in his legal duty as executor, and he and his sure-
ties should be held on the bond.

In Perry on Trusts, Sec. 262, it is said: "The condi-
tions of bonds of administrators are to administer the
estate according to law. Bonds of executors are con-

ditioned to administer an estate according to the will, though a condition to administer according to law is the same thing, because by law they are to administer according to the will.    If, therefore, by the terms of the will the executor, as executor, is to keep the estate, or any portion of it, in his hands, and is to deal with it as a trustee, his bond will be held as security for the faithful performance of his duties, though such duties are much larger and different from those of an ordinary executor."    C. L. U. 1888, Sec. 4284; *Hood* v. *Hood*, 85 N. Y., 561.

In *Hall* v. *Hall*, 78 N. Y., 537, it is said: " Much stress is laid upon the designation of the appellants as trustees, as well as executors in the will, but it is very evident that these terms were used interchangeably, and as synonymous, and not in contradistinction from each other, and it would hardly seem from the bequest of the fund in question to his executors, and the survivors of them, that the testator contemplated a trust that would attach to the persons of the executors rather than to the office, or intended the execution of the trust in the character of trustees, rather than executors."

The appellants, among other things, also contend that the executor, after the respondent became eighteen years of age, but before she arrived at the age of twenty-one years, by verbal agreement with her, obtained permission to retain and use the amount of the legacy in question, at a settled rate of interest.

It appears that when this agreement was made the executor was in failing financial circumstances, which fact was withheld from and was unknown by the respondent at the time.    The executor advised the respondent that she could not get the money until she became twenty-one years of age, but that the sureties on his bond were perfectly good, and that they would be held on the bond

until the money was paid. It does not appear that the respondent had any counsel except that of the executor in this matter.

An executor can hardly be excused in placing himself as to a legatee in that double character. He had no right to obtain a sharp bargain for himself to the detriment of the respondent, by withholding from her the knowledge of his financial condition, and in misleading her in other respects. "Nor should he place himself in a position in which to be honest must be a strain upon him." The transaction was not only questionable on the part of the executor, but fraudulent, and the contract must be held void.

In 2d Perry on Trusts, Sec. 851, it is said : "But all agreements or contracts between trustees and *cestui que trust* are looked upon with suspicion by the court, and are closely scrutinized ; therefore, in order that the release, confirmation, waiver, or acquiescence may have any effect, the *cestui que trust* must have full knowledge of the case; he must also know the law, and what his rights are, and how they would be dealt with by the court, * * * and if the *cestui que trust* has just come of age, he ought to have proper legal advice."

In 117 Ill., 597, *Jones et al.* v. *Lloyd et al.*, it is said, quoting from the syllabus: "A release by a *cestui que trust* will not be binding unless he is first made fully acquainted with his rights, and the nature and full extent of the liabilities of the trustee. Any concealment, misrepresentation, or other fraudulent conduct on the part of the trustee, will vitiate such a release.

"Where a trustee sets up a bargain with his *cestui que trust*, or a release from him, the burden of proof is upon the former to vindicate the transaction from any shadow of suspicion, and to show that it was perfectly fair and

reasonable in every respect." *Galbraith* v. *Tracy*, 46 Am. St. Rep., 870; 153 Ill., 57; 27 Enc. of Law, 194; *Jones* v. *Lloyd*, 117 Ill., 597.

We find no reversible error in the order overruling the demurrer, nor in the record as presented.

The judgment of the district court is affirmed, with costs.

BASKIN, J., concurs.

BARTCH, C. J., did not participate in the decision.