*Dignan et al. v. Nelson et al.*

---

DOMINICK P. DIGNAN and JOSEPH L. DIGNAN, Minors, by EMMA McGILL, Their Guardian, and EMMA McGILL, Appellants, v. ELIZA NELSON, LILA S. NELSON, O. M. WOODWORTH and WILLIAM PICKETT and ISAAC D. GREEG, Partners, doing business as PICKETT & GREEG, Respondents.

### No. 1447.   (72 Pac. 936.)

1. **Adverse Possession: Elements.**

Under 2 Compiled Laws 1888, section 3137, subdivision 3, providing that in no case shall adverse possession be considered established unless it is shown that the land has been occupied and claimed for seven years continuously by a party who himself or whose predecessors have paid all taxes levied thereon according to law, title by adverse possession must be founded on actual, open, and notorious possession, with an intention to claim as owner and against the rights of the true owner, continuing for the time prescribed, coupled with the payment of all lawful taxes by the claimant.

**2. Same: Burden of Proof.**

Where title to land is claimed by adverse possession, the burden of proving all the elements necessary to constitute such title rests upon him who asserts the claim.

**3. Same: Findings: Sufficiency.**

In ejectment, brought in 1899, the court found that defendants since 1880 had remained in open, notorious, and exclusive adverse possession of the property, and had claimed it adversely to plaintiffs and to all the world, and had paid all the taxes levied on the property in their names. It also found that for more than seven years last past defendants had been in open, notorious, and exclusive adverse possession of the property, and had paid all taxes thereon adversely to plaintiffs, and without any privity of estate in any manner with them. *Held*, that the findings sustained a judgment for defendants, based on their claim of title by adverse possession.

**4. Same: Ejectment by Minor Heir: Administrator's Failure to Sue: Statute of Limitations: Heir Barred.**

Ejectment by a minor heir is barred by the failure of the administrator, who is also the heir's guardian, to sue within the period of limitations prescribed.[1]

**5. Cost Bill: Amendment.**

Where the party securing judgment files his cost bill within time, the court may permit the filing of a supplementary bill as an amendment; his right not being necessarily exhausted by filing the first bill.[2]

**6 Foreign Costs: Rule for Allowance: Presumption.**

Costs accruing in a foreign jurisdiction, as to the laws of which no proof is adduced, must be taxed according to the domestic fee bill; the foreign law being presumed in such case to be the same as that of the forum.[3]

(Decided June 27, 1903.)

Appeal from the Third District Court, Summit County.
—*Hon. S. W. Stewart*, Judge.

Action in ejectment. From a judgment in favor of the defendants, the plaintiffs appealed.

---

[1] Jenkins v. Jensen, 24 Utah 108; 66 Pac. 773.
[2] Smith v. Nelson, 23 Utah 512: 65 Pac. 485.
[3] American Oak Leather Co. v. Union Bank, 9 Utah 87; 33 Pac. 246.

AFFIRMED (*except as to costs*).

*S. P. Armstrong, Esq.,* for appellants.

*Messrs. Snyder & Wight* and *Henry Shields, Esq.,* for respondents.

BARTCH, J.—This is an action in ejectment, instituted August 30, 1899, by the heirs of Dominick Dignan, deceased, to recover possession of lots 9, 10, 11, 12, and 13, block 6, the same being situate in Park City, Utah. The plaintiffs Dominick P. and Joseph L. Dignan were minors, aged, respectively, twenty and eighteen years when this suit was brought. Emma McGill is the widow of Dominick Dignan and guardian of the minors. The defendants Eliza and Lila S. Nelson are the widow and daughter, respectively, of John A. Nelson, deceased, and the firm of Pickett & Greeg were their tenants, all in possession of the property. The complaint alleges that the plaintiffs are the owners in common, in fee, and entitled to the possession, of the property, and that the defendants are in possession, and are unlawfully withholding the same from the plaintiffs. The answer denies these allegations and sets up three affirmative defenses, in substance as follows: That on August 28, 1880, John A. Nelson conveyed said land by warranty deed, to Dominick Dignan, but that the deed was, in fact, a mortgage to secure payment of $1,000, which, it is averred, was afterwards paid, and that the mortgage deed should have been discharged; second, that an action of ejectment, brought May 13, 1883, by the administrators of the Dignan estate against Eliza Nelson for possession of the property in dispute, was compromised, and that judgment should have been entered for the defendant, but that the same was not so entered; third, that the plaintiffs are barred by the statute of limitations.

The first and second defenses were not proven, and as to them the trial court found adversely to the defend-

ants. Those defenses are therefore eliminated from the case, and will not receive further consideration.

The decisive question on this appeal, then, is, are the plaintiffs barred by the statute of limitations?

The statute applicable here is found in 2 Comp. Laws 1888, sec. 3137, subdivision 3 of which, so far as is material to this decision, reads:  "That in no case shall adverse possession be considered established, under the provisions of any section or sections of this Code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, territorial, county or municipal, which have been levied and assessed upon such land according to law."

It will be noticed that, under this provision, no adverse possession can be established, unless the land shall have been occupied and so claimed for a period of seven years continuously, and the taxes, levied and assessed thereon according to law, paid by the party claiming adversely, and, "in order to constitute an effective adverse possession, there must be an ouster of the real owner, followed by an actual, notorious, and continuous possession of the adverse claimant."  1 Am. and Eng. Ency. of Law (2 Ed.), p. 789.  To acquire title by adverse possession, therefore, under our statute, the possession must not only be continuous for the time prescribed, but, under well-settled law, must be actual, open, and notorious, with an intention on the part of the claimant to claim the title as owner, and against the rights of the true owner; and in addition to all this, the adverse claimant must pay all the taxes which are lawful charges upon the land.  Where, then, title to land is claimed by adverse possession, the burden of proving that all these requisites have been complied with rests upon him who asserts the claim.  Hence in this case the burden was upon the defense to show a compliance with every material requisite of adverse

possession under the statute. This the appellants contend the defendants.failed to do.

It is insisted that they failed to show that they paid the taxes, occupied all the lots or land, that the true owner was ousted, and that their possession was hostile to him. The findings of fact upon these points, it is claimed, are indefinite and uncertain, and do not support the judgment. The findings, material here, read as follows:

"(8) That ever since the death of said Nelson, in 1880, the defendant Eliza Nelson and the defendant Lila S. Nelson, in person and by their tenants, have remained in open, notorious, and exclusive adverse possession of all of lots 9, 10, 11, 12, and 13, of said block 6, and have claimed the same adversely to said plaintiffs and each of them, and to all the world, and have during said time paid all the taxes levied against said property in the name of said Eliza Nelson, but part of the time, however, there was a double taxation, the same property being taxed also to the Dignan estate; but during none of said time have the plaintiffs, or either of them, either in person or through or by any tenant, been in the possession of said lots or any part thereof.

"(9) That for more than seven years last past, to-wit, for twenty years, and ever since the death of said John A. Nelson, the said Eliza Nelson and Lila S. Nelson, in person and by their tenants, have been in the open, notorious, and exclusive adverse possession of all of said lots, and have paid all the taxes thereon, adversely to said plaintiffs and each of them, and without privity of estate in any manner with them."

It is obvious that in these findings the ultimate facts sufficiently appear, and they show an open, notorious, adverse possession of all the lots since the year 1880, a period of time longer than that required by the statute. They also show payment of all the taxes levied against the property, and, according to the findings, the possession of the defendants was an "exclusive adverse possession" of all the lots, and consequently the plaintiffs

must have been ousted. Indeed, this appears from plaintiff Emma Dignan McGill's sworn complaint, filed May 12, 1883, where, referring to these and other lots, it was alleged that "on February 17, 1883, the defendants entered thereon and ousted and ejected plaintiffs." Not only do these findings show a sufficient compliance with the requisites of the statute by the adverse claimants, but, upon careful examination of the evidence, and without referring to it here in detail, the proof, in our opinion, amply sustains the findings, and, as to adverse possession, the findings support the judgment.

The appellants further insist, however, that the court erred in holding that the minor heirs are barred by the statute. The question whether a minor heir is barred, where the administrator of the intestate's estate is barred, was before us in Jenkins v. Jensen, 24 Utah 108, 109, 66 Pac. 773, and we there held that, "where an administrator neglected to bring an action to recover real property within the time prescribed by the statute, the heir of the intestate was also barred, though he was a minor at the accrual of the action in favor of the administrator." It was there further held that "where an administrator neglects to bring a suit to recover real property within the prescribed period of limitation, whereby the minor heir is barred, the heir has a right of action against the administrator and his bondsmen." We perceive no good reason to depart from the doctrine of that case, and must, therefore, regard it as controlling authority on this point herein notwithstanding the argument of counsel for the appellants against its correctness. In this case the plaintiff Emma McGill was not only the administrator of the intestate's estate, but was also the guardian of the minor heirs, and hence, she, as their representative and trustee, being barred, as we have seen, such heirs are likewise barred.

The appellants also complain of the action of the court in taxing costs, and, among other things, insist

that the supplemental cost bill was erroneously permitted to be filed. The respondents having filed their first cost bill within time, the court had the right to permit them to file the supplemental bill as an amendment. They did not necessarily exhaust their right by filing the first bill. This court, in Smith v. Nelson, 23 Utah 512, 514, 65 Pac. 485, where a similar question was presented, referring to the filing of the second bill, said: "We perceive no error in this. The second bill simply embraced the first with amendments, so as to make it conform to the requirements of law. The action of the court was equivalent to permitting an amendment, and the costs were therefore properly taxed under the second bill."

In this case it appears, however, that some items of costs which accrued without the State of Utah, in foreign jurisdictions, were taxed according to the laws of such jurisdictions, whose provisions for fees appear to be different from our own, and that such foreign laws were not proven. This was improper. Under such circumstances costs must be taxed according to the fee bill provided by the laws of this State. In such case, where the laws of the foreign jurisdiction are not in evidence, they must be presumed to be the same as those of the forum, and the *lex fori* must govern. American Oak Leather Co. v. Union Bank, 9 Utah 87, 33 Pac. 246.

The case must, therefore, be remanded, with directions to the court below to tax the costs according to the laws of this State, and when they are so taxed the judgment must stand affirmed, with costs.

It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.