MOYES et al. v. AGEE, District Judge.

No. 3251.   Decided Feb. 7, 1919.   (178 Pac. 753.)

1. EXECUTORS AND ADMINISTRATORS—FINAL DISTRIBUTION. A decree of distribution *held* final, although it provided that the administrator "shall make a complete statement of receipts and expenses," etc.   (Page 363.)

2. EXECUTORS AND ADMINISTRATORS—DECREE OF DISTRIBUTION—SETTING ASIDE—JURISDICTION OF COURTS. The court had no jurisdiction of a petition of an administrator to vacate a decree of final distribution filed more than six months from the filing of the decree. (Page 364.)

3. ESTOPPEL—JURISDICTION OF COURT. An administrator, who filed petition to set aside final decree of distribution more than six months after filing of decree, was not estopped, on certiorari to review order setting aside decree, to claim that court had no jurisdiction to set it aside, inconsistent positions of administrator not affecting property over which court had lost jurisdiction. (Page 365.)

In the matter of the estate of John F. Smith, deceased. There was an order vacating a final decree of distribution, and an order overruling a petition of John D. Smith, claiming to be sole heir of the deceased, and R. A. Moyes, as administrator, and Emory A. Smith bring certiorari to review proceedings against Hon. A. W. Agee, as Judge of the District Court of Weber County.

PEREMPTORY writ of prohibition ordered to issue, and order vacating the decree of distribution set aside.

*A. G. Horn* and *George Halverson* for plaintiffs.

*Chez & Stine* for respondent.

WEBER, J.

Plaintiffs filed their petition in this court praying for a writ of certiorari. Thereafter a return and answer were duly filed. Upon the hearing in this court the petition was denied. Plaintiffs, in due time, filed a petition for rehearing, which was granted.

In the opinion of the court, written by Mr. Chief Justice Corfman, it was stated that "the record of proceedings before the district court in the matter of the estate is far from satisfactory." Since the complete record has been brought to this court, there is less difficulty in drawing proper conclusions.

As they now appear the undisputed facts are: John F. Smith died intestate at Ogden, Weber County, Utah, October 12, 1914, leaving an estate in that county consisting of real and personal property. On October 13, 1914, a special administrator was appointed to preserve the estate pending the appointment of a permanent administrator. On December 19, 1914, R. A. Moyes, one of the plaintiffs herein, was duly appointed administrator, and he has acted ever since in that capacity. An inventory was duly filed, personal property and some of the real estate sold, notice to creditors published, all taxes and funeral expenses paid, and decree showing notice to creditors signed and filed. Part of the property of the estate was by decree of court distributed to Mary J. Smith as the widow's portion of the estate, which was accepted by her in full and complete settlement of all claims against the estate. On September 23, 1916, the administrator rendered and filed what purported to be a final account and at the same time filed a petition for distribution of the estate, said petition containing all the statutory requirements. Upon due and legal notice said account was approved and decree settling same was filed

October 13, 1916. On the same day the final decree of distribution was rendered, the decree complying in every way with the requirements of the statute. All of the property of the estate that had not been distributed to Mary J. Smith, the surviving widow, or sold by the administrator pursuant to order of the court, was thereby distributed to the other heirs who were brothers and sisters of the said John F. Smith, deceased, the part of two deceased distributees (one a brother and the other a sister of the said John F. Smith) to be distributed among the heirs of the deceased, these heirs being required to make proof of their heirship. Proof of heirship was duly made by the heirs of the two deceased distributees, and thereafter, April 9, 1917, upon petition of the administrator, a decree was rendered and filed settling the supplementary account and determining who were the heirs of the two deceased distributees and awarding their share of the property to such heirs. On June 23, 1917, the administrator filed a petition to set aside the decrees of October 13, 1916, and April 9, 1917, and "for a sale of all the real and personal property still on hand," and convert the same into cash and distribute the money. He also prayed that his distribution of $6,000 in cash be confirmed. On July 9, 1917, one John D. Smith filed his petition to set aside and vacate the decree, claiming to be a son of the said John F. Smith, deceased. On February 4, 1918, the petition of the administrator, one of the plaintiffs herein, for a vacation of the final decree of distribution was heard by the court, and the next day it was ordered by the court that the petition of the administrator for a vacation of the decree of distribution be granted, and the decree of distribution of October 13, 1916, and the supplemental decree of April 9, 1917, were vacated, and the further hearing of the administrator's petition was continued to February 18, 1918. It was also ordered that all persons claiming an interest in the estate appear and show cause why the estate should not be distributed in accordance with the administrator's last petition, and why the property should not be sold, and also have the question of their right to share in the distribution of the estate heard and determined. In the same order a demurrer to John D. Smith's amended petition was sustained, the demurrer to the original petition of

said Smith having been sustained before the amended petition
was filed.   On February 5, 1918, after the court made the last
order above referred to, said John D. Smith filed another and
additional petition claiming the right to all of the property of
said estate as a sole heir, and on February 6, 1918, the attorneys
for the administrator filed a præcipe dismissing the applica-
tion for an order vacating the final decree of distribution and
for a sale of the property of the estate.   Thereafter the attor-
neys for the administrator moved to strike from the files the
last petition of John D. Smith.   The motion, as well as the
demurrers to this petition, were overruled, and the administra-
tor was by the court required to answer the petition of said
John D. Smith and join issue with his allegations.

Plaintiffs claim the decree of distribution of October 13,
1916, to be final.   Defendant replies by saying that there was
no final decree for two reasons:   (1) That there had been no
final settlement of accounts of the administrator, although
"the record shows a decree settling his final account the same
day"; and (2) that the supplementary account settled April 9,
1917, did not become a final account, and that no final account
has ever been allowed nor final decree of distribution made.

The controlling questions in this case are whether the court
had the power to make the decree of October 13, 1916, and
whether it was a final decree of distribution.

The account allowed and settled by the decree of October 13,
1916, states everything necessary to a final account, and it was
allowed and settled by the decree aforesaid upon a proper
hearing after notice as required by law.   The fact that
the decree settling the final account provided that the
administrator "shall make a complete statement of
receipts and expenses paid by him since the rendition of his
final account and file vouchers for the same" does not make
the account less of a final account, and did not deprive the
court of power to make and render the final decree of distribu-
tion.   The final decree of distribution was made upon due and
legal notice, and contains every element required by the
statute.   It distributes one-eighth to each of the surviving
brothers and sisters, one-eighth to the heirs of the deceased
brother, and the remaining one-eighth to the heirs at law of

the deceased sister, requiring them to "make proof of their heirship to this court, whereupon said respective shares shall be decreed to those entitled thereto by law." The property was fully described, and there was nothing further to be done except to determine who were the heirs of the two deceased distributees. Not only does the record establish that the decree of distribution was a final decree, but it is admitted in the answer of defendant that the administrator's final account was approved and "the residue of the estate distributed."

We conclude, therefore, that the decree of distribution rendered and entered in October, 1916, was a final decree of distribution, and that its finality remained unaffected by the supplementary decree of April, 1917. That decree has not been "reversed, modified, or set aside on appeal" and the time in which an appeal can be taken in this state is by statute limited to six months from the entry of the judgment or order appealed from. No attack was made upon it until the administrator in June, 1917, petitioned the court to vacate the final as well as the supplementary decree, and that petition was granted February 5, 1918.

Plaintiffs insist that the orders of the court vacating the final decree and ordering the sale of property is not within the jurisdiction of the court for the reason that     2 due and proper notice was not given of the hearing of the petition by the administrator for a vacation of the decree of distribution.

The petition of the administrator asking that the decree be vacated was not filed until more than six months after the time of making and entering the final decree of distribution, so that it matters not whether notice was or was not given of the administrator's petition of June, 1917. Without any apparent reason, except that he desired to do so, the administrator asked for the vacation of a final decree, and that "the balance of the property of the estate" be sold, and then proceeded to describe the identical property mentioned and described in the decree of distribution. All this property having been distributed to the heirs by the decree of October 13, 1916, there was nothing for the administrator to sell and nothing for the court to order sold. Just what was the purpose of the administrator in pre-

senting the petition is not clear to us.  No authority is shown
from the heirs to petition for a sale of their property.  If he
had authority to negotiate a sale of the property belonging to·
the heirs and which had been distributed to them, he should
have gone to a real estate broker's office, not into court.  In
view that the petition of the administrator to vacate the decree
was not filed until after more than six months had elapsed
from the filing of the decree the court was without jurisdic-
tion, and hence was powerless to interfere with the decree.
The decree was final, and after six months had elapsed could
be assailed only in an independent equitable action, and for
proper cause.

In *Re Raleigh's Estate,* 48 Utah, 128, 158 Pac. 705, Mr.
Justice Frick said:

"It is apparent therefore that an executor's or administrator's ac-
count which has been allowed can be assailed only in equity and upon
the same ground as other judgments."  Comp. Laws 1917, sections
7559, 7752, 7765; *Barrette* v. *Whitney,* 36 Utah, 574, 106 Pac. 522, 37
L. R. A. (N. S.) 368; *Snyder* v. *Murdock,* 26 Utah, 233, 73 Pac. 22;
*Ehrngren* v. *Gronlund,* 19 Utah, 411, 57 Pac. 268; *Wheeler* v. *Bolton,*
54 Cal. 302; *Buckley* v. *Superior Court,* 102 Cal. 6, 36 Pac. 360, 41 Am.
St. Rep. 135; *Morffey* v. *San Francisco, etc.,* 107 Cal. 587, 40 Pac. 810;
*Moore* v. *Lauff,* 30 Cal. App. 452, 158 Pac. 557; *In re Garroud's Estate,*
36 Cal. 277; *In re Schmierer's Estate,* 168 Cal. 747, 145 Pac. 99; 2
Church, New Probate Law, pp. 1474-1476.

The district court has therefore lost jurisdiction over the
distributed property.  Its jurisdiction is exhausted, and the
property has passed from the possession and control of the
administrator and is no longer a part of the estate.

It is alleged in the answer that the administrator is       3
estopped from opposing the request to vacate the decree.

The administrator may be inconsistent in the position now
taken by him, but that cannot affect the finality of the first
decree and restore to the court its lost jurisdiction.

The time in which an appeal could have been taken or the
decree of distribution attacked in these proceedings having
passed, it follows that the final decree of distribution should
not have been vacated, and that the same cannot be assailed
except upon equitable grounds, and then only by proper pro-
ceedings in equity.

As to whether or not John D. Smith has a proper proceeding now pending, or whether he may bring such a procceding, is not before us, and upon that we express no opinion.

The former decision of this court is therefore reversed and vacated, and the present one is substituted therefor and will be published as the only opinion in the case.

It is therefore ordered that a peremptory writ of prohibition issue, and that the order of the district court vacating the decree of distribution be annulled and set aside. Each party to pay his own costs in this court.

CORFMAN, C. J., and FRICK, GIDEON, and THUR-MAN, JJ., concur.