## ROBBINS v. DUGGINS.

No. 3882.   Decided May 31, 1923.   (216 Pac. 232.)

1. PLEADING—DEFECTIVE DESCRIPTION OF REAL PROPERTY IN COMPLAINT HELD CURED BY COUNTERCLAIM AND SUBSEQUENT INTRODUCTION OF EVIDENCE BY PARTIES. Where, in a suit to quiet title, the complaint alleged the description of the property involved only by reference to another cause of action which had been dismissed, the defect was cured by a counterclaim containing a particular description of the property, which it alleged was the same land described in the complaint, and by the introduction in evidence by both parties of deeds and other instruments describing the property without objection.

2. LIMITATION OF ACTIONS—EFFECT OF DECREE OF DISTRIBUTION UPON LIMITATIONS AGAINST ADMINISTRATOR AND DISTRIBUTEE STATED. Where a decree of distribution of a decedent's estate is made, the right of the administrator over the property ceases, in view of Comp. Laws 1917, § 7765, and when the distributee is a minor, the statute of limitations does not run against him until he comes of age, as provided by section 6463, and hence in such cases the rule that, where a right of action is in the administrator and he is barred by lapse of time, the heirs will also be barred, is inapplicable.[1]

3. LIMITATION OF ACTIONS—FAILURE TO FORMALLY DISCHARGE ADMINISTRATOR HELD NOT TO AFFECT DECREE OF DISTRIBUTION. That an administrator is not formally discharged, after a decree of distribution has been made, does not prevent the distributed property from passing beyond his jurisdiction, so as to make the statute of limitations inapplicable to any cause of action which he might have had while administrator.

Appeal from District Court, Seventh District, San Pete County; *Dilworth Woolley*, Judge.

[1] *Moyes* v. *Agee*, 53 Utah, 365, 178 Pac. 753; *Jenkins* v. *Jensen*, 24 Utah, 108, 66 Pac. 773; *Dignan* v. *Nelson*, 26 Utah, 186, 72 Pac. 936; *Mansfield* v. *Neff*, 43 Utah, 258, 134 Pac. 1160.

Action by George Robbins against S. M. Duggins. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Lewis Larson,* of Manti, *H. R. Waldo,* of Salt Lake City, *A. E. Park,* of Gunnison, and *Morris & Callister,* of Salt Lake City, for appellant.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

CHERRY, J.

This action is to quiet plaintiff's title to an undivided one-tenth interest in certain described real estate, situated in Gunnison City, Utah. From a judgment for plaintiff, defendant appeals. The facts, which are not disputed, are, in substance, as follows:

James Robbins, the owner of the entire estate of the property in controversy, died in 1886, leaving a will devising the property to Mary Childs Robbins for life, with remainder over to John Robbins and four others in equal shares. The will was probated, and the property distributed in accordance therewith in 1896.

John Robbins died intestate in 1900, leaving surviving him his wife, Anna Robbins, and his son, George Robbins, the plaintiff herein, then one year old. Anna Robbins was appointed, and qualified, as administratrix of the estate of John Robbins, deceased, and on January 18, 1902, a decree of distribution was duly made by the proper court, by which an undivided one-tenth interest in the property described in the complaint, subject to the life estate therein of Mary C. Robbins, was "set apart and distributed in fee and absolutely" to plaintiff, George Robbins, and a like interest to Anna Robbins. Anna Robbins was not thereafter discharged as administratrix.

Subsequent to the decree of distribution to the plaintiff,

the life tenant and the devisees and descendants of James Robbins, other than the plaintiff, made conveyances purporting to transfer the whole title to the property to the defendant. The life tenant, Mary Childs Robbins, died July 28, 1914.

Thereafter the defendant had such possession of the property and paid the taxes thereon, as to create a title by adverse possession, at the time the action was commenced, if the plaintiff's legal disability did not prevent the accrual of such title against him.

No guardian was ever appointed for plaintiff and he attained his legal age of majority on November 29, 1920, and this action was commenced within two years thereafter.

Objection is made in appellant's brief to the sufficiency of the complaint, because the description of the property involved is pleaded only by reference to another cause of action in the complaint, which was dismissed at the trial. No issue was made as to the identity of the property, and defendant's counterclaim contained a particular description of the property involved, which it alleged was the same land described in the complaint. The trial proceeded, and deeds and other instruments describing the property were offered by both sides and received in evidence without objection, and judgment entered accordingly. Any such defect in the complaint was cured by the counterclaim and the subsequent conduct of the parties.

The substantive question presented on this appeal is whether, under the circumstances, the defendant could obtain a title by adverse possession against the plaintiff, notwithstanding he was within the age of majority.

Comp. Laws Utah 1917, § 6449, provides that no action for the recovery of real property shall be maintained, unless it appears that the plaintiff was seized or possessed of the property within seven years before the commencement of the action. Other following sections of the statute defined the requisites to title by adverse possession, which are not material here. Section 6463 provides:

"If a person entitled to commence an action for the recovery of

real property * * * founded on the title to real property * * *
be at the time such title shall first descend or accrue, * * *
within the age of majority * * * the time during which such
disability continues is not deemed any portion of the time in this
chapter limited for the commencement of such actions, * * *
but such action may be commenced * * * within the period of
two years after such disability shall cease. * * *

That the plaintiff was under legal disability on account of
his nonage, when his title accrued, and when the defendant's
title originated, and until November 19, 1920, is admitted.
But it is contended that in spite of his nonage the statute
of limitations ran against the plaintiff, because the admin-
istratrix, not having been discharged, had the right and it
was her duty to take possession of the one-tenth interest in
the property in question, upon the death of the life tenant.
In support of the contention the following cases are cited:
Meeks v. Olpherts, 100 U. S. 564, 25 L. Ed. 735; Jenkins v.
Jensen, 24 Utah, 108, 66 Pac. 773, 91 Am. St. Rep. 783;
Dignan v. Nelson, 26 Utah, 186, 72 Pac. 936; Mansfield v.
Neff, 43 Utah, 258, 134 Pac. 1160.

The cases cited hold that where the right of action is in
the administrator, and when by lapse of time he is barred,
the heirs are also barred, because he represents their inter-
ests. The principle decided is wholly inapplicable to the
case at bar, for the reason that in this case the administratrix
had no right over the property or to maintain an action with
respect to it, after it was distributed to plaintiff. When the
decree of distribution was made to the plaintiff, the
property distributed passed from the control and ju-          2
risdiction of the administratrix, and was no longer a
part of the estate. Moyes v. Agee, 53 Utah, 365, 178 Pac. 753.

After distribution, an administrator is precluded from ex-
ercising control, as representative, over the property dis-
tributed, and if assets fully set apart remain in his posses-
sion, he holds them as agent or bailee of the distributee and
not as representative. 24 C. J. 496. This is made clear by
Comp. Laws Utah 1917, § 7765, relating to distribution,
which provides:

"In the order or decree the court must name the persons and

the proportions or parts to which each shall be entitled, and such persons may demand and sue for, in any court of competent jurisdiction, and recover their respective shares from the executor or administrator or any person having the same in possession."

That the administratrix was not formally discharged but continued in office, after distribution, did not prevent the distributed property from passing beyond her jurisdiction and control. The fact of distribution determined the matter. By the decree of distribution the administratrix was divested of all rights to or control over the property distributed, and the title was confirmed in the plaintiff, and thereafter he alone could sue to protect or defend it. The defendant's claim originated subsequently, so that there was no time whatever when the administratrix could have maintained an action against defendant for the protection of the plaintiff's title. During the whole period of defendant's adverse possession the plaintiff had the exclusive right of action with respect to his interest in the property, and, being under legal disability, the statute of limitations did not run against him during his disability, and hence the defendant could not establish title by adverse possession, during said period, against him.

Judgment affirmed with costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.