375 P.2d 461

**Rela Mae Spratling PARR et al.,
Plaintiffs and Respondents,**

v.

**ZIONS FIRST NATIONAL BANK et al.,
Defendants,**

**Edith Steadman Green and Sheldon Steadman, Intervenors and Appellants.**

**No. 9668.**

Supreme Court of Utah.

Oct. 31, 1962.

---

Gustin, Richards & Mattsson, Salt Lake City, for appellants.

W. D. Beatie, Salt Lake City, for respondents.

WADE, Chief Justice.

This suit was brought to quiet title to some land situated in Salt Lake County, Utah. The defendant in the action, Zions First National Bank, successor in interest of the Utah Savings & Trust Company, the administrator of the Estate of George Albert Steadman, deceased, filed a disclaimer. The defendant, Elvina S. Steadman, the widow of George Albert Steadman, and the mother of the appellants, Edith Steadman Green and Sheldon Steadman, defaulted. The appellants, Edith Steadman Green and Sheldon Steadman intervened in this action claiming an interest in the property as the heirs of George Albert Steadman. Their appeal is from a summary judgment quieting title in respondents.

The complaint alleged that respondents and their predecessors in interest had acquired title to the property in question by adverse possession for over 15 years. Appellants' counterclaim alleged that they had an interest in the property as children of George Albert Steadman, deceased, and that seven years had not elapsed since they had attained their majority. Respondents' answer to the counterclaim denied that George Albert Steadman ever had an interest in the property in question. It further alleged that the Statute of Limitations, Sections 78–12–6, 78–12–8 and 78–12–12, U.C.A. 1953 [1] had commenced to run against any cause of action they may have had since the appointment of the Utah Savings and Trust

1. "78–12–6. No cause of action, or defense or counterclaim to an action, founded upon the title to real property or to rents or profits out of the same, shall be effectual, unless it appears that the person prosecuting the action, or interposing the defense or counterclaim, **or** under whose title the action is prosecuted or defense or counterclaim is made, or the ancestor, predecessor or grantor of such person was seized or possessed of the property in question within seven years before the committing of the act in respect to which such action is prose-

Company as their guardian on December 11, 1942, and distribution to it on December 23, 1942, as such guardian of all the minors' interest in the property of the Estate of George Albert Steadman, deceased. It also alleged that more than seven years had passed since such distribution to the guardian, and before its discharge in 1957, during all of which times respondents were in adverse possession and paying the taxes assessed thereon. That at no time did the guardian bring suit for the possession of the property or make any claim to it.

Basing its decision on the pleadings, files and records in this action, the court granted respondents' motion for summary judgment on the ground that the Statute of Limitations had run against appellants.

Appellants contend that the court erred in not finding that under the provisions of Sec. 78-12-21,[2] U.C.A.1953, which provides that the Statute of Limitations does not commence to run for those under the age of majority, they were not barred from bringing this action because distribution of the estate had been made before the right of action in the administrator was barred.

In Robbins v. Duggins,[3] this court held that distribution of property ·in an estate before the Statute of Limitations had run against the administrator would preclude the running of the Statute against minors to whom distribution had been made and who had no guardian to protect and preserve their rights. However, the facts in this case are that a guardian was appointed.

cuted or defense or counterclaim made."

"78-12-8. Whenever it appears that the occupant, or those under whom he claims, entered into possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument as being a conveyance of the property in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the property included in such instrument, decree or judgment, or of some part of the property under such claim, for seven years, the property so included is deemed to have been [held] adversely, except that when the property so included consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract."

"78-12-12. In no case shall adverse possession be considered established under the provisions of any section of this Code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all taxes which have been levied and assessed upon such land according to law."

2. "78-12-21. If a person entitled to commence an action for the recovery of real property or for the recovery of the possession thereof, or to make any entry or defense, founded on the title to real property or to rents or services out of the same, is at the time such title shall first descend or accrue, either: (1) Under the age of majority; or, (2) Insane; or, (3) Imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, for a term less than for life;· The time during which such disability continues is not deemed any portion of the time in this article limited for the· commencement of such actions or the making of such entry or defense."

3. Robbins v. Duggins, 61 Utah 542, 216 P.. 232.

for appellants and distribution was made to it of appellants' interest in all the property which descended to them in their father's estate. This guardian had possession or the right to possession of their property for more than the required seven years. In Dignan v. Nelson,[4] this court held that where the Statute of Limitations has run against a guardian, the minor heirs are likewise barred, just as we have held that when the administrator was barred, the minor heirs of decedent[5] were barred, and for the same reasons.

Affirmed. Costs to respondents.

HENRIOD, McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

4. Dignan et al. v. Nelson et al., 26 Utah 186, 72 P. 936.

5. Jenkins v. Jensen, 24 Utah 108, 66 P. 773.