485 P.2d 1043

**Elizabeth Frandsen TRINNAMAN and Cheryl Frandsen Griffiths, Plaintiffs and Appellants,**

**v.**

**Edith S. CLINGER and Herschel J. Clinger, Defendants and Respondents.**

**No. 12302.**

Supreme Court of Utah.

June 4, 1971.

---

R. M. Child and James L. Wilde, of Ray, Quinney & Nebeker, Salt Lake City, for plaintiffs-appellants.

J. Robert Bullock and Howard D. Hanson, of Aldrich, Bullock & Nelson, Provo, for defendants-respondents.

HALL, District Judge:

Appeal from summary judgment of dismissal of suit seeking to set aside a sale of real and personal property by the executrix of an estate.

The defendant, Edith S. Clinger, as Executrix of the Estate of Ellen Frandsen, deceased, sold said real and personal property consisting of an undivided one-half interest in the following:

(a) A house and lot and household furnishings and an unimproved lot, all in Salina.

(b) Approximately 20 acres of farmland in Sevier County, near Salina.

(c) Nine shares of Salina Creek Irrigation Company,

The sale was made to the Executrix's husband, Herschel J. Clinger, the other defendant, and the sale was confirmed by order of court dated October 19, 1951.

Plaintiffs, grandchildren of the deceased, attack the validity of the sale primarily on the strength of Section 75–10–6, Utah Code Annotated 1953, as amended, which provides that an executor shall not directly or indirectly purchase any property of the estate he represents, nor be interested in any sale.

The sale confirmed by the court was without any concealment, misrepresentation, deception or fraud, since there was a full disclosure of the facts pertaining to the relationship of the executrix and purchaser, that the executrix owned the other undivided one-half interest in the property sold, that the sale was an advantageous one, the sum bid having been the full appraised value, and that the father and natural guardian of the plaintiffs who were then minors, was on notice of the sale, and in fact, encouraged the sale so as to obtain his curtesy interest.

The plaintiffs' father was duly appointed their guardian on February 6, 1953, and remained such throughout all proceedings pertinent hereto and had actual custody of them until they reached majority. Also, he and the minors received notice of each and every proceeding in the estate, including 16 annual accountings.

We are of the opinion that upon the basis of the doctrine as set forth in the cases of Dignan v. Nelson, 26 Utah 186, 72 P. 936 (1903); and Parr v. Zions First National Bank, 13 Utah 2d 404, 375 P.2d 461 (1962); that under the circumstances of this case, where the statute of limitations had run against their guardian, the minor heirs are likewise barred.

While the heirs are barred by statute from claiming against the executrix, we are not here confronted with what, if any, other remedy may be available to them for any injury they may have suffered.

The decision of the court below is affirmed. Costs to defendants.

CALLISTER, C. J., and HENRIOD, CROCKETT and ELLETT, JJ., concur.

TUCKETT, J., does not participate herein.